Adeline Scroggins v. The State.

*No. 103. Decided April 22.*

**1. Manslaughter — Where Evidence Tends to Show Murder.—** On a second trial, which was for manslaughter, where defendant had previously been tried and acquitted of both degrees of murder, and after the State had closed its evidence, the defense declined to introduce any testimony, and moved the court to instruct a verdict of acquittal, upon the ground that the evidence adduced showed express malice and murder, without a single fact establishing manslaughter, which motion was refused by the court; but, at appellant's request, the jury were instructed as follows: "If you believe, from the evidence, beyond a reasonable doubt, that defendant killed deceased with a knife, and there are no facts and circumstances in evidence which excuse, justify, or extenuate the killing, then the killing is upon malice, and if you so believe, you must acquit defendant." *Held*, that while there was strong evidence of antecedent malice, which would sustain a conviction for murder in the first degree, still, inasmuch as the jury could, upon the facts stated in the opinion, have referred the passion which occasioned the homicide to a new provocation, that a verdict for manslaughter would be sustained.

**2. Same.—**See opinion for facts stated upon which it was held, on a trial for manslaughter, that the court did not err in refusing to instruct the jury to acquit because there was only evidence of murder, and not of manslaughter.

Appeal from the District Court of Dallas. Tried below before Hon. Charles Fred Tucker.

This is the second appeal in this case. On the first trial, which was for murder, appellant was found guilty of manslaughter, and on appeal that conviction was set aside for error in the exclusion of testimony. See the case reported in 30 Texas Criminal Appeals, 92.

On the second trial, which was for manslaughter, appellant was found guilty of that offense, and her punishment assessed at confinement in the penitentiary for two years.

The facts are sufficiently stated in the opinion.

*Stillwell H. Russell* and *Walter Lemon*, for appellant.—1. Appellant having been acquitted of murder in either degree on a former trial, and on the last trial being tried for the offense of manslaughter, and all the evidence on the same showing conclusively that the homicide was upon malice, it was error for the court to charge the law of manslaughter. In other words, she could not be convicted as the case thus stood upon evidence showing that the offense was murder. Having been tried and acquitted of murder, she could not be again convicted upon proof constituting alone that offense.

2. It is error under such proof for the court to charge the law of manslaughter, because there was no evidence in the case that made such a charge at all applicable. The charge must be limited to the case made by the evidence.

3. The charge of the court submitting the law of manslaughter, in the absence of any proof, warranting it, was tantamount to an instruction, that the appellant was guilty and should be convicted of that grade of homicide.    The vice in the charge is, and which is our contention, that if the appellant is guilty of murder under the proof, she is not guilty of manslaughter, the two offenses being essentially different, although grades of homicide.    Parker v. The State, 22 Texas Cr. App., 108; Fuller's case, 30 Texas Cr. App., 559.

The charge of the court, in effect, gave the jury to understand, while appellant could not be punished for murder, eo nomine, yet if they believed from the evidence that an unlawful killing had been committed, they might punish her, and call the offense manslaughter.

4. The court erred in not instructing the jury to return a verdict of not guilty, and in not sustaining the motion set forth in the bill of exceptions, that under the case, or charge against her, and the evidence adduced, to return a verdict of not guilty.

*R. L. Henry*, Assistant Attorney-General, for the State.—On a former trial of this case appellant was convicted of manslaughter, and therefore, under the decisions of this court, acquitted of murder in both degrees. Appellant contends, that in this case all the evidence shows that she is guilty of murder, and not of manslaughter, the offense of which the jury convicted her.

The court, in its general charge and special charges asked and given, charged the jury, that if they believed defendant was guilty of murder in either degree they should acquit her, thereby eliminating all question in regard to murder.    The court also charged on the question of manslaughter.    Appellant contends that this was error, because there was no evidence of manslaughter.

The State takes the position, that the evidence in the record shows manslaughter, and is sufficient to sustain a conviction therefor.    Baker v. The State, 4 Texas Cr. App., 231; Parker v. The State, 22 Texas Cr. App., 108.

The evidence upon manslaughter is substantially this:    That one Rachel Quinn remarked at the scene of the homicide, "Did you see the damn bitch hit that woman," meaning that the deceased had struck the appellant, and the said Quinn then hallooed, "Kill her! kill her!"    That appellant followed deceased into a house, where deceased had picked up a stick of wood, and stabbed deceased with a knife, from which wound she died.    This evidence is sufficient to show manslaughter.    The charge fairly submitted the issue of manslaughter as the only question in the case, and the jury found from the evidence that appellant was guilty of manslaughter.

SIMKINS, JUDGE.—Appellant was convicted of manslaughter, and her punishment assessed at two years in the State penitentiary, from which judgment she appeals.

It appears that on the 16th of March, 1891, appellant was indicted and tried for the murder of one Eddie Gill, by stabbing her with a knife, on the 6th day of February, 1891. She was convicted of manslaughter, and appealed to this court. At the Tyler Term, 1891, the case was reversed for errors therein (30 Texas Criminal Appeals, 92), and the same transaction was before us in the Quinn case, 20 Southwestern Reporter, 1108, decided at Dallas Term. On January 5, 1893, the appellant was placed again upon trial, but having been previously acquitted of the two degrees of murder, she was tried for manslaughter.

After the evidence of the homicide was introduced by the State, the defense declined to introduce testimony, and moved the court to instruct a verdict of acquittal, on the ground that the State had proved the homicide to have been perpetrated upon express malice, and there was not a single fact proved in justification or of extenuation by showing passion or adequate cause. This the court declined to do, and appellant excepted.

At the close of the evidence, the court, at appellant's request, charged the jury, among other things: "If you believe from the evidence, beyond a reasonable doubt, that the defendant killed the deceased with a knife, and there are no facts or circumstances in evidence which excuse, justify, or extenuate the killing, then the killing is upon malice, and if you so believe you must acquit defendant." The court also gave the same instruction in his general charge. The jury convicted of manslaughter, and appellant insists the verdict is contrary to law and evidence.

An examination of the testimony shows that a bitter jealousy existed between deceased and appellant about a man whom they mutually claimed. On the 5th of February, a crowd of negroes were gathered at a dance, and the witness Frank Giles, in quest of a drink, passed deceased, standing on the east side of the house, talking to another woman, and went to a crowd gathered at the front gate. He was there but a few moments when one Rachel Quinn, a bystander, cried, "Did you see that damn bitch hit that woman?" He then saw deceased run out of the crowd at the front fence into the house, and appellant following after her. As deceased ran into the house, Rachel Quinn also pursued, and threw a box at her, and hit the door, thus designating the one referred to as the "damn bitch." Appellant entered the house by the back door, and killed deceased with a knife. Afterwards appellant came out and met Rachel Quinn, who asked, "Did you get her?" and appellant answered, "Yes;" and Rachel Quinn then said, "You ought to have killed her," thus designating the person whom deceased had struck, for the record fails to suggest the slightest ill will between any other persons at the gathering save appel-

lant, deceased, and Rachel Quinn. We think, therefore, there was evidence from which the jury could infer that appellant killed deceased while under a passion produced by a blow given by deceased, and given in a manner so severe or unprovoked that it at once aroused the violent and active indignation of a bystander. While it is true there is strong evidence of antecedent malice, upon which a finding of murder of the first degree would be sustained, yet the jury could readily refer the passion to the new provocation, and convict of manslaughter. The court did not err in refusing to instruct the jury to acquit because there was only evidence of murder, and not of manslaughter. It is not necessary now to decide whether the charge of the court given at the request of the defendant was correct. The judgment is affirmed.

*Affirmed.*

Judges all present and concurring.