Tom Brown v. The State.

No. 984. Decided February 22, 1911.

Rehearing Denied April 19, 1911.

**1.—Robbery—Circumstantial Evidence.**

Upon the trial of robbery by use of fire arms, where the testimony was circumstantial, there was no error in admitting in evidence the circumstance that defendant was present when prosecutor drew money at the bank and saw him put it in his coat and remarked at the time, "Cap, that looks mighty good."

**2.—Same—Evidence—Husband and Wife—Cross-Examination.**

Where, upon trial for robbery, the defendant had placed his wife on the stand to testify in his behalf, and on direct examination she had testified that her husband did not leave home on the night of the robbery, it was legitimate cross-examination to ask her if she did not testify at the examining trial that she did not know whether defendant left home that night with a gun or not.

**3.—Same—Charge of Court—Intent to Steal.**

Where the indictment charged defendant with robbery by the use of fire arms and putting the prosecutor in fear of his life and to fraudulently take

from him one coat of the value of ten dollars, and the evidence supported this allegation, the court did not err in refusing a special charge that if defendant's object was to steal money which he believed to be in the coat to acquit him.

**4.—Same—Charge of Court—Language of the Statute.**

Where upon trial of robbery by the use of fire arms, etc. the court employed the language of the statute in submitting his charge there was no error.

**5.—Same—Charge of Court—Want of Consent.**

Where, upon trial of robbery by use of fire arms and putting in fear of life or bodily injury, the court submitted the statute and instructed the jury that the taking must be done with fraudulent intent, etc., there was no error in the court's failure to instruct the jury that the taking must be without the consent of the owner. This is not necessary.

**6.—Same—Charge of Court—Alibi.**

Where, upon trial of robbery by the use of fire arms, the defendant interposed an alibi, and the court submitted this question to the jury, there was no error.

**7.—Same—Charge of Court—Circumstantial Evidence.**

Where, upon trial for robbery, the conviction was based upon circumstantial evidence, and the court submitted the law thereon there was no error.

**8.—Same—Sufficiency of the Evidence.**

Where, upon trial for robbery by the use of fire arms. etc., the evidence supported the indictment and showed that the defendant forced the prosecutor to pull off his coat and drop it, it is immaterial whether he expected to get the coat or the money that had been placed in it the day before.

Appeal from the District Court of Walker.  Tried below before the Hon. S. W. Dean.

Appeal from a conviction by the use of firearms; penalty, ten years imprisonment in the penitentiary.

The opinion states the case.

*Hill & Elkins,* for appellant.—On question of fraudulent intent and appropriation:  Morris v. State, 13 Texas Crim. App., 65; Winston v. State, 9 Texas Crim. App., 143; Shipworth v. State, 8 Texas Crim. App., 136; Wilson v. State, 18 Texas Crim. App., 272; 25 Cyc., 5; 34 Cyc., 1801; Tones v. State, 48 Texas Crim. Rep., 363, 88 S. W. Rep., 217.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was charged by indictment with robbery by the use of firearms and convicted and his punishment assessed at ten years confinement in the penitentiary.  The indictment was drawn under article 856 of the Penal Code, which is as follows:

"If any person by assault or violence or by putting in fear of life or bodily injury shall fraudulently take from the person or possession of another any property with intent to appropriate the same to his own use he shall be punished by confinement in the penitentiary for life or for a term of not less than five years; and when firearms or

other deadly weapon is used, or exhibited in the commission of the offense, the punishment shall be death or by confinement in the penitentiary for any term not less than five years."

1. This is a case in which the State relied on circumstantial evidence to convict. R. L. Williams, the person alleged to have been robbed, testified that on the night of the 17th day of last October, as he was walking from a neighbor's to his home, someone hailed him, came to the fence, and said, "I want your coat." "That is what I understood, and I turned and walked out a piece, and said, 'Is that you, Bud?' Bud is a nigger that works for me, and I thought maybe he wanted to borrow my colt. He borrowed it sometimes, and about that time the form crouched and moved a little, and I could see a gun, and he says: 'Throw up your hands and pull off your coat.' I pulled it off and started to pitch it to him, and he says: 'Drop it at your feet.' In a few seconds he told me to go, and I left." The witness also testified that the day before he was in the Gibbs' National Bank and drew two hundred dollars and put it in his coat. That defendant was present when he drew the money, and saw him put it in his coat, and defendant at the time remarked, "Cap, that looks mighty good."

In a bill of exceptions defendant complains of the admissibility of this testimony. As before stated, this is a case of circumstantial evidence, and, as a link in the chain of circumstances, this testimony was admissible. Counts v. State, 19 Texas Crim. App., 450; Hedrick v. State, 40 Texas Crim. Rep., 532, and cases there cited.

2. In another bill complaint is made that while the defendant's wife was on the stand the State was permitted, over the objection of defendant, to ask her if she did not testify at the examining trial: "I do not know whether defendant left home that night (the night of the robbery) with a gun or not," and required her to answer the question, and to which question she answered that she did so testify. Defendant's objection was that this in effect was compelling the wife to testify against her husband. The defendant had placed his wife on the stand to testify in his behalf, and on direct examination she had testified that her husband did not leave home on the night of the robbery, and we think this legitimate cross-examination. A wife called to testify in behalf of her husband is subject to cross-examination like any other witness, limited only that the cross-examination must be confined to the matters testified to by her in direct examination. Johnson v. State, 28 Texas Crim. App., 17; Jones v. State, 38 Texas Crim. Rep., 87; Merritt v. State, 39 Texas Crim. Rep., 70. And in Hampton v. State, 45 Texas, 154, it is held that where the wife is called to testify in behalf of her husband, the prosecution has the right to cross-examine her touching her testimony on a former trial or examination of the same case.

3. Defendant complains of the failure of the court to give special charges Nos. 2, 3, and 4. They all relate to the matter, and are in

effect that if they believed from the evidence beyond a reasonable doubt that defendant was the party who held up Williams with a gun, and caused him to pull off his coat and leave it, and that his object was to steal money which he believed to be in the coat, he should be acquitted. The indictment charged that defendant did with a gun, by putting Williams in fear of his life, fraudulently take from him one coat of the value of $10. The testimony showed that someone made him take off his coat and leave it on the ground. The court did not err in refusing to give the special charges requested.

4. Defendant complains of the court's general charge in two or three respects. The first is that the court in the following paragraph did not present the law: "If any person by assault or violence or by putting in fear of life or bodily injury shall fraudulently take from the person or possession of another any property with intent to appropriate the same to his own use, he shall be deemed guilty of robbery, and when a firearm is used or exhibited in the commission of the offense the punishment shall be by death, or by confinement in the penitentiary for any term not less than five years." This is the language of the statute.

He also complains that the court did not instruct the jury that the "taking must be without the consent of the owner and fraudulently done." The statute does not require that the court charge that the taking must be done without his consent, but that the taking is done by "putting in fear of life or bodily injury" and the court so instructed the jury, and also instructed the jury that the taking must have been done "with the fraudulent intent on the part of defendant to deprive W. of the value of the same." The criticisms of the charge are, we think, without merit.

4. The contention of defendant in this case was that he was at home, and therefore could not have committed the offense. This defense was clearly and fully presented in the charge on alibi.

The sheriff carried his dogs to the scene of the robbery, and he testified the dogs next morning trailed the tracks to defendant's house; he testified he found tracks leading to defendant's house, and that one shoe made a track as if "careened over;" that one of defendant's shoes was run down; he had a gun, and three negroes testify to seeing him come home with a gun a short time after the hour of the alleged robbery. The court presented the law of circumstantial evidence, and told the jury the circumstances taken as a whole must be of a conclusive nature, leading to a satisfactory conclusion and producing in effect a reasonable and moral certainty that the defendant and no other person committed the offense charged; and must exclude to a reasonable and moral certainty every other reasonable hypothesis than that of the guilt of the defendant, and if they did not so find to acquit him.

The defendant's counsel seemed to think that whoever held Williams up with the gun, had him to leave his coat with the view of getting the money that had been placed in it the day before, and as this was evidently the intention, the fact that he took the coat, carried it off a short distance and threw it away, this would not constitute robbery under the statute. In this we can not agree with him. Whenever a party is held up, and put in fear of his life by having a gun presented at him, and told to put up his hands and drop certain property, and he is forced to do so, and the party with the gun takes charge of the property, the offense of robbery is complete, and it is immaterial whether he not only expected to get other property as well as that he knows he is taking through force and fear.

The judgment is affirmed.

*Affirmed.*

[Rehearing denied April 19, 1911.—Reporter.]