### GEORGE GRIMES v. THE STATE.

#### No. 2607.    Decided November 5, 1913.

**1.—Assault to Rape—Evidence—Husband and Wife—Cross-Examination.**

Where defendant's wife had testified at his instance, she was subject to impeachment on the matters to which she testified, and having denied making a certain statement to a State's witness that prosecutrix had told her that defendant tried to ruin her, there was no error in permitting the State to introduce this State's witness and thus impeach the wife's testimony; the court properly limiting said evidence.

**2.—Same—Evidence—Conduct of State's Counsel.**

While it was highly improper for State's counsel to ask the State's witnesses questions whether defendant had ever been guilty of any improper conduct towards the sisters of the prosecutrix, yet, where the court immediately sustained objections thereto and reprimanded State's counsel, the same was not reversible error.

**3.—Same—Requested Charge—Degree of Offense.**

Where defendant was charged with assault to rape, there was no error in refusing a requested instruction to acquit on the ground that the evidence showed rape.

**4.—Same—Penetration—Charge of Court.**

Where, upon trial of assault to rape, the evidence sustained the conviction, there was no error in refusing a requested charge to acquit defendant if defendant penetrated the rectum of prosecutrix.

**5.—Same—Argument of Counsel—Presumption.**

In the absence of any showing that the State's counsel used the language objected to, it must be presumed that the court ruled correctly in refusing special charges thereon.

Appeal from the Criminal District Court of Dallas.    Tried below before the Hon. Robt. B. Seay.

Appeal from a conviction of assault with intent to rape; penalty, three years imprisonment in the penitentiary.

The opinion states the case.

*Pierson, House & Pierson* and *Albert Walker,* for appellant.—On question of State's counsel asking improper questions: Grimes v. State, 64 Texas Crim. Rep., 64; People v. Mullings, 83 Cal., 138; People v. Wells, 100 Cal., 459; Cargill v. Com., 13 S. W. Rep., 916; Leahy v. State, 31 Neb., 566; State v. Irvin, 60 L. R. A., 716; Moore v. State, 75 S. W. Rep., 497.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, · JUDGE.—This is the second appeal in this case,—the opinion on the former appeal being reported in 64 Texas Crim. Rep., 64, 141 S. W. Rep., 261; therefore we do not deem it necessary to detail the facts again. On this trial appellant was again convicted of assault with intent to rape his stepdaughter, and he again appeals the case to this court.

To make our ruling on the first bill of exceptions plain it is necessary to state a portion of the testimony of appellant's wife, appellant having offered her as a witness. On direct examination at the instance of appellant, Mrs. George Grimes testified: "The defendant George Grimes did not at any time during that evening after I got back from Grand Prairie make any attack of any sort or kind on Bessie Smith; he did not lay his hands on her. I did not at any time after I returned, or before I went away, hear her holler or scream. The defendant did not at any time that evening after I had gotten back from Grand Prairie send me out behind the barn, or tell me to go out there and stay until he called for me. *At no time that evening did Bessie come out and find me behind the barn and I ask her if George had ruined her.*" She, having thus testified at the instance of appellant, she would be subject to impeachment on these matters the same as any other witness, and on cross-examination she was asked if the Sunday following the alleged assault, on the way to Grand Prairie, she did not tell Mrs. Ollie Smith that Bessie had come out to her behind the barn and told her that appellant had tried to ruin her. She denied making this statement to Mrs. Ollie Smith, and as it was about a matter she had testified to on her direct examination, there was no error in the court permitting Mrs. Ollie Smith to testify that Mrs. Grimes did tell her that the prosecutrix, Bessie, had come out to her behind the barn immediately after the assault, and told her that appellant had tried to ruin her. The court in his charge instructed the jury they could not consider this as evidence against the defendant, but could only consider it for the purpose of aiding the jurors in passing on the credibility of the witness, Mrs. Grimes, if considered at all.

On the other appeal of this case we held as inadmissible that appellant had assaulted his other stepdaughters and for this reason they had left him. It is shown by a bill that when Bessie Smith was being interrogated she was asked why her sisters left home. The court promptly sustained objection to this question. In the light of the ruling on ·the former appeal in this case this was an improper question. It is also shown that the prosecuting officer asked some other witnesses questions calculated to elicit the same information, objection to which was sustained by the court. In approving the bill the court states:

"This bill of exception No. 3 in this cause is approved with this explanation: It will be noticed that when Bessie Smith and her sister Lettie Smith were on the stand and the question was asked why they were not living at home, the court promptly and immediately sustained an objection to the county attorney asking the question. The objection

to the question propounded to Mrs. George Smith, wife of the defendant, was just as promptly sustained. As soon as it was asked Mr. Walker said 'We object.' And then it was that the court told the county attorney not to ask the question, and instructed him when the defendant's attorney ended his exception: 'You are instructed not to ask the question again.' The question to Mrs. Grimes came up under the following circumstances, as the record will show: Mrs. Grimes had stated in her testimony that none of her children lived with her; that she didn't know whether they were dead or alive, and had stated that her daughters were cold and indifferent toward her and that one of them just simply gave her a finger in a limp way, Mr. McCutcheon, the county attorney, prior to the question objected to by the defendant asked her if she had made these statements before the jury and she said that she had; whereupon he asked her 'Don't you know the reason. for that? Don't you know that George Grimes tried to do the same thing to all of them that he did to this girl?' It was under these circumstances that this question was asked, and the objection immediately sustained and the county attorney instructed not to ask the question again."

The question to Mrs. George Grimes, considering her testimony about the conduct of her children, in a measure excuses the county attorney's asking her the question he did. As no witness was permitted to state to the jury that appellant had ever been guilty of any improper conduct towards the other girls, while the questions were highly improper, as the court in the presence of the jury, reprimanded the county attorney, it is not such a matter as will necessitate a reversal of the case. In none of the cases cited by appellant did the court in the presence of the jury reprimand the attorney and promptly sustain the objection as the court did in this case.

The peremptory instruction requested by appellant should not have been given. If the testimony of Bessie Smith should be held to show rape, instead of assault to rape, which is exceedingly doubtful, yet, as the State elected to prosecute him for assault to rape, appellant would not be heard to complain.

As to the special charge requesting the court to charge the jury that if appellant penetrated the rectum of Bessie Smith to acquit, the court did not err in refusing same. The evidence and all the evidence, if it shows any offense, shows an assault with the intent to have carnal intercourse with the girl.

There is no bill of exceptions verifying the fact that the county attorney used the language in regard to which special charges Nos. 4 and 5 were requested. The court refused the charges, and in the absence of any showing that the language was used, we must presume the court ruled correctly.

The judgment is affirmed.

*Affirmed.*