### GABE CROWDER v. THE STATE.

No. 3825.   Decided November 24, 1915.

Rehearing denied December 22, 1915.

**1.—Negligent Homicide—Sufficiency of the Evidence.**

Where, upon trial of murder, the defendant was convicted of negligent homicide of the first degree, under a proper charge of the court and sufficient evidence to sustain a conviction, there was no reversible error. Davidson, Judge, dissenting.

**2.—Same—Case Stated—Murder—Negligent Homicide.**

Where, upon trial of murder and a conviction of negligent homicide of the first degree, the evidence raised the issue of murder and would have sustained a conviction therefor, the complaint that the evidence did not raise the issue of negligent homicide is untenable, and defendant can not complain that the court submitted this latter offense of which the jury convicted him, even if the evidence did not justify the submission of this issue, as the same was more favorable than he could expect. Following Christian v. State, 71 Texas Crim. Rep., 566. Davidson, Judge, dissenting.

**3.—Same—Statutes Construed—Degrees of Offense.**

Under articles 771-2, Code Criminal Procedure, an indictment for murder includes all the lesser degrees of culpable homicide, which unquestionably includes, among others, negligent homicide of both degrees, and defendant can not claim where he was charged with murder and found guilty of negligent homicide that he was acquitted of murder, and there was no evidence raising the issue of negligent homicide, and that he could not be convicted of the latter offense.

**4.—Same—Statutes Construed—Inferior Grade of Offense.**

Under article 837, subdivision 9, Code Criminal Procedure, a verdict is not contrary to the law and evidence within the meaning of said article where defendant is found guilty of an offense of inferior grade to, but of the same nature as the offense proved, and under articles 771-2, Code Criminal Procedure, the jury may find the defendant guilty of any degree of the offense inferior to that charged in the indictment, and where defendant was charged with murder and convicted of negligent homicide, he could not complain even if the evidence did not raise the issue of negligent homicide; however, the evidence did raise such issue. Following Gray v. State, 61 Texas Crim. Rep., 454, and other cases. Davidson, Judge, dissenting.

**5.—Same—Evidence—Caliber of Pistol—Accident.**

Where, upon trial of murder, the defendant claimed that he shot the deceased accidentally, and the State claimed that he fired the pistol intentionally, there was no error to permit an expert witness to testify that the pistol which was introduced in evidence only fired a .44-caliber safety cartridge, and could not have been accidentally fired as claimed by defendant.

**6.—Same—Evidence—Declarations of Defendant.**

Where, upon trial of murder and a conviction of negligent homicide, the defendant claimed that the pistol with which he killed the deceased went off and fired accidentally, and also introduced in evidence his acts and declarations by which he claimed that the killing was accidental, there was no error in permitting the State in rebuttal to introduce defendant's declarations shortly after the killing to the effect that they might be out after him to send him to the penitentiary or to break his neck, but that he did not give a damn.

**7.—Same—Evidence—Self-serving Declarations.**

Upon trial of murder, there was no error in excluding the testimony of defendant's parents to the effect that after the killing and between the time of defendant's res gestae acts and statements and his statements to others defendant made certain statements to them; besides these matters were not controverted.

**8.—Same—Argument of Counsel.**

Where the court sustained defendant's objections to the argument of State's counsel and instructed the jury not to consider the same, there was no reversible error. Following Mooney v. State, 76 Texas Crim. Rep., 539.

Appeal from the District Court of Collin. Tried below before the Hon. N. H. Garnett.

Appeal from a conviction of negligent homicide of the first degree; penalty, one year confinement in the county jail.

The testimony of the State's witnesses showed (as per statement of Assistant Attorney General, which is substantially correct) that defendant had been drinking on the day of the homicide; that he stated that deceased would not rent some land to him and that he would not live to rent it to anybody else; that he took a pistol out of the trunk after

supper and went out to the road and stopped deceased and asked him the price of cotton; that he was standing so close to deceased at the time he shot him that deceased's face was powder burned.

The defendant claimed that the killing was purely an accident and that the pistol was accidentally discharged as he pulled it out of his pocket or bib of his overalls to show it to deceased.

The State showed in rebuttal by an expert that this special make of safety pistol could not thus be accidentally discharged.

This statement, with the facts stated in the opinion, is deemed sufficient under the issues presented.

*L. J. Truett,* for appellant.—On question of defendant's declaration as to the killing: Pratt v. State, 53 Texas Crim. Rep., 281.

*C. C. McDonald,* Assistant Attorney General, for the State.—On question of argument of counsel: Morrison v. State, 40 Texas Crim. Rep., 473; Gilmore v. State, 37 id., 178; Spangler v. State, 42 id., 233; Bennett v. State, 24 Texas Crim. App., 73.

PRENDERGAST, PRESIDING JUDGE.—Appellant was indicted and tried for murder. He was convicted of negligent homicide of the first degree, and his punishment assessed at one year in jail.

Appellant correctly states that the theory of the State was that appellant was guilty of murder or of said degree of negligent homicide. His defense was that the killing was simply accidental.

The court correctly submitted his defense in a charge not complained of. The jury found against him on evidence which fully justified their finding on this issue.

The court submitted the issue of murder and also said degree of negligent homicide in correct charges, which are in no way complained of by appellant. Neither did appellant at the time, nor does he now as we understand, complain that the court should not have submitted negligent homicide at all, but he now claims that the evidence did not raise the issue of negligent homicide. He concedes, and we think there can be no question, but that the evidence raised the issue of murder, and the verdict of the jury on that issue would have been sustained by the evidence.

There can be no question, and as we understand appellant does not controvert it, that under an indictment and trial for murder, when the court by his charge submits for a finding an issue more favorable to him than the law and evidence would justify, he has no just cause to complain, and, even though the evidence does not justify the submission of the issue, it is in his favor and presents no reversible error. (Christian v. State, 71 Texas Crim. Rep., 566, and cases there cited.) Especially would this be the case under our recent statute, where appellant at the time made no objection whatever to the court's charge submitting such issue in his favor.

Neither can there be any question, both under our statute (arts.

771-772, C. C. P.) and uniform decisions of this court, that an indictment and trial for murder includes all the lesser degrees of culpable homicide, which unquestionably includes, among others, negligent homicide of both degrees.

However, after the trial and conviction herein, with the indictment, evidence and charge of the court as herein recited, for the first time after the trial and conviction he contended, and now contends, that, as he was acquitted of murder and found guilty of negligent homicide, there was no evidence raising the issue of negligent homicide. Hence, he contends he is entitled to a new trial on that ground.

In the view we take of this case (under our statute (art. 837, subdiv. 9, C. C. P.), which prescribes, "New trials in cases of felony shall be granted for the following causes and for no other: (Subdiv. 9.) Where the verdict is contrary to law and evidence. A verdict is not contrary to the law and evidence within the meaning of this provision where the defendant is found guilty of an offense of inferior grade to but of the same nature as the offense proved"; and said articles 771-772, above cited, where it is enacted: "Where the prosecution is for an offense consisting of different degrees, the jury may find the defendant not guilty of the higher degree (naming it) but guilty of any degree inferior to that charged in the indictment or information." "The following offenses include the different degrees: (1) Murder, which includes all the lesser degrees of culpable homicide. . . .") his contention is unfounded.

We have carefully read and studied the evidence in this case. We think it certain, without reciting it, that the evidence did raise the issue of negligent homicide; but, whether it did or not, it is the settled law of this State by a long line of decisions that appellant would be entitled to no new trial. This court, speaking through Judge Davidson, in Pickett v. State, 43 Texas Crim. Rep., 1, said: "Other cases are numerous to the effect that, where there is evidence of a higher grade of offense, a conviction will not be disturbed for the inferior grade, though there was no testimony showing the inferior degree." In the case of Gray v. State, 61 Texas Crim. Rep., 454, the court, through Judge Ramsey, in an exhaustive and elaborate opinion, wherein he cited, quoted from and discussed the previous decisions of this court on that question, held in accordance with Judge Davidson in the Pickett case, supra. In that opinion of Judge Ramsey's is also quoted and approved an exhaustive and elaborate opinion by Judge Brooks for this court in Cornelius v. State, 54 Texas Crim. Rep., 173, wherein Judge Brooks also cited, discussed, quoted and approved the previous decisions of this court so holding. We think it unnecessary to again discuss this question. We regard it as settled against appellant's contention. Hickey v. State, 62 Texas Crim. Rep., 568; Gray v. State, supra; Cornelius v. State, supra; Burnett v. State, 53 Texas Crim. Rep., 515; Pickett v. State, supra; Chapman v. State, 53 S. W. Rep., 103; Condee v. State, 53 Texas Crim. Rep., 104; Scroggins v. State, 32 Texas Crim. Rep., 71; Powell v. State, 5 Texas Crim. App., 234; Templeton v. State, id., 398;

Brown v. State, 50 S. W. Rep., 354; Fuller v. State, 30 Texas Crim. App., 559; High v. State, 54 Texas Crim. Rep., 333.

The pistol with which the killing of the deceased by appellant was done was produced, identified, introduced in evidence, examined and testified about by several witnesses, among others, Sam Welch, a deputy sheriff, who, among other things, testified that said pistol shoots only a .44 Smith & Wesson American cartridge. He showed that he had made many tests with the pistol, testing it with other cartridges and with the said make only. It is unnecessary to detail his evidence. It was on the issue of attempting to show, and tended strongly to do so, that the pistol at the time it was fired and killed deceased could not have been accidentally fired as claimed by appellant, but that it must have been intentionally fired by him. Thereupon the State introduced Mr. Grant, who, among other things, as shown by the qualification by the court of appellant's bill of exceptions on that subject, testified that he had handled firearms about twenty years and was well familiar with the cartridges made in America and foreign, and that the Smith & Wesson .44 American cartridge was the only shell on the market that can be discharged in said pistol that he knew of or that was shown in any catalogue. We think this testimony was admissible on said issue, and that the court did not err in not excluding it upon appellant's motion after it was introduced.

With the issues as stated, the State introduced its testimony on said theories of the State and rested. Appellant introduced his testimony on the claim that the pistol was fired simply accidentally and his res gestae acts, statements and conduct to the effect that he cried and gave expressions to his grief, and claimed that the killing was accidental. The State in rebuttal on both of its theories, but especially on that of murder, was correctly permitted to have the witness York, over defendant's objections, to testify, in effect, that some time after the homicide on the same night and after many intervening circumstances and considerable time, the witness saw defendant out in the lane in front of the latter's house and heard defendant say: "Well, they may be out after me tonight, or they may not; they may send me to the penitentiary, or they may break my damned neck; I do not give a God damn if they do." The court correctly held that this testimony was admissible, as well as that the State could ask appellant, and did, while he was testifying if he did not make said statement to York, or in his hearing, he denying the substance of what York testified.

The court did not err in excluding the testimony of appellant's father and mother to the effect that, after the killing and between the time of appellant's res gestae acts, conduct and statement and the time that York testified appellant said to him what he did, because we think their testimony was not res gestae but self-serving by appellant. Besides this, the court has shown by his qualification of the bill, permitted not only appellant but all other witnesses he offered, being several, to testify to his said res gestae acts, statements and conduct, and we think it certain that he did make such res gestae statements, and his action

and conduct at the time testified by him and his witnesses was not controverted. They were practically established without dispute.

Complaint is made of the county attorney's argument in one particular before the jury and what he said when appellant objected thereto. The court sustained his objections and instructed the jury not to consider the same. This presents no reversible error. Mooney v. State, 76 Texas Crim. Rep., 539, 176 S. W. Rep., 52, and cases there cited.

The judgment is affirmed.

*Affirmed.*

DAVIDSON, JUDGE (dissenting).—I can not concur. If negligent homicide is not in the case this conviction is clearly erroneous. If that question was not an issue, the jury having acquitted of murder, the accused was entitled to an acquittal. The jury were authorized to and did convict under such state of case, of an offense not in the record. I may write later if time affords opportunity.