(No. 12546.—Judgment affirmed.)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* EVAN KARPOVICH, Plaintiff in Error.

*Opinion filed April 15, 1919—Rehearing denied June 5, 1919.*

1. CRIMINAL LAW—*court not authorized to instruct jury to find defendant not guilty.* In a criminal case the jury are the judges both of the law and the facts and the trial court cannot entertain a motion to instruct the jury to find the defendant not guilty, but it is proper for the judge, if in his judgment a new trial must be granted should a conviction be had, to so advise the prosecutor, that he may exercise his official judgment and discretion.

2. SAME—*defendant cannot complain of error in entertaining a motion to instruct jury to find him not guilty.* The trial court's error in instructing the jury to find the defendant not guilty as to certain counts in an indictment cannot be complained of by the defendant, as he has received the benefit of the error.

3. SAME—*when a child under fourteen years may testify in a criminal case.* In a prosecution for taking indecent liberties with a child it lies within the discretion of the trial court to permit the child, who is only eight years of age, to testify if the court is satisfied with the child's mental capacity, as the requirement is not one of age but of understanding, and on review the question whether the child possessed such understanding may be determined from the preliminary examination and her testimony before the jury.

4. SAME—*what testimony by child's mother is not hearsay.* In a prosecution for taking indecent liberties with a child under the age of fifteen years, under section 42*ha* of the Criminal Code, testimony of the mother of the child that immediately after the child came home she (the mother) went to the place where the alleged offense was committed and looked for the defendant is not incompetent as hearsay nor as tending to impress the jury that the child had complained to her mother about the defendant.

5. SAME—*evidence of complaint made by child is competent under counts charging rape.* In a prosecution under an indictment charging defendant with rape and with taking indecent liberties with a child, under the counts charging rape the child may testify that immediately after the commission of the alleged offense she made complaint to her mother.

6. SAME—*when the defendant cannot complain that evidence proves commission of another crime.* In a prosecution under an indictment charging the defendant with taking indecent liberties

with a child, if the evidence proves the commission of the crime charged in the indictment the fact that it also proves the elements of the crime of assault with intent to commit rape does not make void the conviction for the crime charged.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding.

GEORGE B. COHEN, (JOSEPH H. LAWLER, of counsel,) for plaintiff in error.

EDWARD J. BRUNDAGE, Attorney General, MACLAY HOYNE, State's Attorney, and NOAH C. BAINUM, (EDWARD E. WILSON, EUGENE P. McGARRY, and GROVER C. NIEMEYER, of counsel,) for the People.

Mr. JUSTICE STONE delivered the opinion of the court:

The plaintiff in error was convicted in the criminal court of Cook county under the fourth count of an indictment charging him with taking indecent liberties with Rose Rozhon, a child of the age of eight years.

The indictment consisted of five counts, the first three of which charged plaintiff in error with the offense of rape, and the fifth of which charged him with having committed certain acts tending to contribute to the delinquency of said child, Rose Rozhon.

At the close of all the evidence the court overruled a motion of the plaintiff in error to exclude the evidence and to instruct the jury to return a verdict finding the plaintiff in error not guilty. Thereupon the plaintiff in error entered a motion to exclude the evidence and direct a verdict of not guilty on the three counts charging rape. This motion was allowed and instructions given by the court to the jury to find the plaintiff in error not guilty on counts 1, 2 and 3 of the indictment, and the jury so found. The cause was submitted to the jury on the fourth and fifth counts of the indictment.

It is contended by plaintiff in error that the trial court erred in overruling his motion to exclude the evidence and in refusing to give the instruction directing a verdict of not guilty as to each and every count in said indictment; that the plaintiff in error was convicted on the uncorroborated evidence of Rose Rozhon, a child of eight years, and that the evidence, taken as a whole, is insufficient to sustain the conviction; that if the evidence tends to prove the committing of any crime it is that of assault with intent to commit rape on the said prosecutrix, which was not charged in said indictment; that the court erred in admitting and refusing testimony and in refusing certain instructions of plaintiff in error.

As to the first contention, the rule in this State is that the trial court cannot entertain a motion to instruct the jury to find the defendant not guilty in a criminal case, for the reason that the jury are the judges of both the law and the facts, although it is proper practice for the court, in case it is his judgment that a new trial must be granted if a conviction is had on any count or counts of the indictment, to so advise the prosecutor, for the exercise of his official judgment and discretion. (*People* v. *Zurek,* 277 Ill. 621.) While the ruling of the court in instructing the jury to find the defendant not guilty as to the first three counts of the indictment was error, it was not an error that the defendant could complain of, as he received the benefit of it.

It is urged that the court erred in not making proper and sufficient examination of the complaining witness, Rose Rozhon, touching her intelligence and knowledge of the moral and legal consequences of a violation of her oath, before permitting her to testify. The rule obtains as laid down by this court in *Shannon* v. *Swanson,* 208 Ill. 52, in the following language: "Section 10 of division 2 of the Criminal Code provides that every person who is neither an idiot nor lunatic nor affected with insanity, and who has arrived at the age of fourteen years, shall be considered of

sound mind, and that persons who have not reached that age shall be considered of sound mind if they comprehend the distinction between good and evil. In analogy to this rule of the criminal law a witness who has reached the age of fourteen years should be presumed, *prima facie,* competent. If below that age his competency to testify is to be determined by an inquiry as to the strength of his mental faculties and his power to understand and appreciate the moral duty to speak the truth. This inquiry is to advise the trial judge, whose duty it is to determine whether the person is competent to testify. The decision of this matter may be reviewed, but as the intelligence of the witness is to be ascertained, to some extent, by his appearance and conduct while in the presence of the court, and as the judge is vested with a degree of discretion, it is only when there has been an abuse of discretion or a manifest misapprehension of some legal principle that the decision will be reviewed." The requirement is not one of age but of understanding. Whether such child possessed the understanding necessary to be competent to testify may be determined, on review, from the preliminary examination and her testimony before the jury. (*Featherstone* v. *People,* 194 Ill. 325.) It appears from the record that Rose Rozhon was examined before the court touching her competency to testify by the State's attorney. It lay within the discretion of the trial court to permit her to testify, and from her answers and her testimony in the case it is evident that there was no abuse of that discretion.

It is very earnestly urged by plaintiff in error that he was convicted on the uncorroborated evidence of Rose Rozhon and that the evidence is insufficient to sustain the conviction. Rose Rozhon testified that on Sunday, August 18, 1918, about noon, the defendant came to her while she was at a lumber pile near her home and pulled her about a block to an office at Homan avenue and Twenty-first street, where the alleged immoral, improper and indecent liberties

detailed by the witness took place; that the plaintiff in error laid her on the floor and lay upon her; that he put his privates in contact with hers; that she screamed and tried to get away; that while they were in the room in question somebody called "Roesky," after which plaintiff in error left the room; that while plaintiff in error was out of the room witness ran away to her home and told her mother of the occurrence; that she never saw plaintiff in error before the day in question; that she pointed him out in the office to the policeman; that plaintiff in error wore black clothes, a white shirt and had a mark on his nose.

Helen Sotana, a witness called on behalf of the State, testified that on the day in question, between eleven and twelve o'clock, while playing on a water pipe, she heard someone say "No!" "No!" "No!" in Bohemian; that she went to the corner and saw plaintiff in error pulling her (Rose); that she had seen plaintiff in error frequently; that he is the man she saw that day; that she could tell by the hat and suit he had on; that they went about one-half block; that she did not see him drag Rose into the office; that about one-half hour later she saw Rose running home; that she was not close enough to identify Rose when she first saw her, but that when she saw her running home she recognized her and could tell by her dress that she was the same child she had first seen.

Annie Sikora testified that on the day in question, at about noon, she went to the office in question with bread and milk for some dogs housed in said building; that she knocked on the door twice and receiving no response from within she opened the door and entered the office; that she called "Roesky," to which plaintiff in error responded, "All right;" that she said, "Here is the bread and milk," and then went home; that plaintiff in error came to her but that she was unable to determine the part of the premises from which he came; that she heard no unusual noises and saw nothing unusual in his dress.

The plaintiff in error testified that while he was at the office in question, at or near the time testified to by the other witnesses, the telephone rang; that he could not speak English and so went to the railroad track for the purpose of meeting someone who could speak English; that he met this little girl, Rose Rozhon, sitting on some wood and asked her in the Russian language if she could speak English; that she answered "Yes;" that he said, "Come along with me and nothing will happen to you;" that she said "No" and then went home; that a patrol wagon came soon thereafter for him; that Mrs. Sikora came to the office, knocked or rapped on the door and called "Roesky," and that he said, "All right;" that when he made the answer he was out in the yard with the dogs; that he went in and met her in the office. The plaintiff in error denied in toto the statement of the complaining witness as to what occurred in the office.

Counsel cite in support of plaintiff in error's contention that the evidence does not support the verdict, the case of *People* v. *Freeman,* 244 Ill. 590. The proof in this case is to be distinguished from the proof in the *Freeman case.* In that case this court found that the evidence of the complaining witness was not corroborated and was of doubtful credibility. There is nothing in the evidence of the complaining witness nor the physical facts proven which tends to discredit her story. In addition, it is evident from the record that her story does not stand uncorroborated. In her statement that she was pulled into the office by plaintiff in error she is corroborated by the testimony of Helen Sotana that she saw plaintiff in error dragging the prosecuting witness toward said office building and that she later saw her running toward her home. The complaining witness is further corroborated by the testimony of her mother, who stated that the child came home crying. She is further corroborated in her statement that someone called plaintiff in error from the room while they were in the toilet by

the testimony of Annie Sikora, who stated that she called him concerning some food she had for dogs on the premises. This testimony, and numerous circumstances shown in the evidence, tend to corroborate her story. Crimes of this character are usually committed under circumstances that do not admit of corroborative testimony by eye-witnesses. It would be unreasonable to assume that this child could detail the facts and surroundings of this crime so that they would be substantiated by disinterested witnesses if her story were not true. The rule uniformly applied in criminal cases is that the verdict of the jury will not be set aside unless the finding is so palpably against the weight of the evidence as to indicate that the verdict of the jury is based upon passion or prejudice. (*People* v. *Lutzow,* 240 Ill. 612; *People* v. *Deluce,* 237 id. 541; *Cronk* v. *People,* 131 id. 56; *Steffy* v. *People,* 130 id. 98.) The jury here were justified from the evidence in believing the defendant guilty beyond a reasonable doubt.

It is also urged that the testimony of Tillie Rozhon, mother of Rose, that she went to the place in question at once after Rose came home, to look for the plaintiff in error, must have impressed the jury that Rose had previously complained to her mother about the defendant, and that the evidence of what she told her mother was clearly incompetent under the fourth count of the indictment, upon which plaintiff in error stands convicted. The rule in this State is that complaint made by the complaining witness to others, and not a part of the *res gestæ,* is incompetent as hearsay testimony in all cases except those of rape. (*People* v. *Scattura,* 238 Ill. 313.) Tillie Rozhon here did not testify that the complaining witness told her what occurred between her and plaintiff in error. Her testimony that she went to the office where plaintiff in error was employed, at once after Rose came home, was not hearsay and was competent. While the complaining witness did testify that she ran home and told her mother what occurred, yet at

the time this testimony was offered and put in evidence the three counts of the indictment charging rape were still issues before the jury and no objection was raised to the competency of such evidence, nor was there a motion made by the plaintiff in error to limit the application of such evidence to those counts charging rape, or to exclude this evidence after the court directed a verdict of not guilty on the first three counts of the indictment, nor was there any instruction offered by the plaintiff in error directing the jury not to consider this evidence in arriving at their verdict on the fourth and fifth counts of the indictment. This evidence was clearly competent under the first three counts of the indictment. *People* v. *Scattura, supra.*

Plaintiff in error contends that if there is any crime proven it is the crime of assault with intent to commit rape, and that a conviction on the charge of taking indecent liberties with children cannot be sustained if the facts show the crime of assault with intent to commit rape. Plaintiff in error was convicted under section 42*ha* of the Criminal Code, which reads as follows: "That any person of the age of seventeen years and upwards who shall take, or attempt to take, any immoral, improper or indecent liberties with any child of either sex, under the age of fifteen years, with the intent of arousing, appealing to or gratifying the lust or passions or sexual desires, either of such person or of such child, or of both such person and such child, or who shall commit, or attempt to commit, any lewd or lascivious act upon or with the body, or any part or member thereof, of such child, with the intent of arousing, appealing to or gratifying the lust or passions or sexual desires, either of such person or of such child, or of both such person and such child, or any such person who shall take any such child or shall entice, allure or persuade any such child, to any place whatever for the purpose either of taking any such immoral, improper or indecent liberties with such child, with said intent, or of committing any such

lewd, or lascivious act upon or with the body, or any part or member thereof, of such child with said intent, shall be imprisoned in the penitentiary not less than one year nor more than twenty years: *Provided,* that this act shall not apply to offenses constituting the crime of sodomy or other infamous crimes against nature, incest, rape or seduction."

It will be noted that while the crime of rape is expressly excluded from this statute, the crime of assault with intent to commit rape is not excluded. While the crime of taking indecent liberties with children may be shown without proving the crime of assault with intent to commit rape, yet it is impossible to prove the crime of assault with intent to commit rape upon a child under fifteen years of age without proving the taking of or attempting to take "immoral, improper or indecent liberties" with such child with the intent of "gratifying the lust or passions or sexual desires" of at least the person charged with said crime. Proof of these facts establishes the essentials of the crime of taking indecent liberties with children. It follows, therefore, that proof which sustains a charge of assault with intent to commit rape will sustain the charge of taking indecent liberties with children, since the elements of the latter crime are included within those of the former. If the evidence proves the commission of the crime charged in the indictment, the fact that it may also prove the elements of another crime does not make void the conviction for the crime charged. When A is charged with larceny and the proof shows the commission of the crime of robbery such proof will nevertheless sustain a conviction for larceny, as the latter is included within the former. Where the defendant stands charged with one offense and the proof of that offense involves the proof of another offense such proof may nevertheless be received, and a conviction of the crime charged will be sustained notwithstanding the fact that the proof by which such charge was sustained also discloses the

commission of another and separate offense. *Parkinson* v. *People*, 135 Ill. 401; *People* v. *Rardin*, 255 id. 9.

Plaintiff in error further contends that the court erred in refusing instructions Nos. 26 and 27 offered by him. These instructions purported to present abstract propositions of law, and were, so far as they presented correct propositions of law, covered by other given instructions.

We have examined the record and find no reversible error in the rulings of the trial court on the admissibility of evidence. The defendant was in open court when sentenced, and sentence was passed upon him according to law.

There being no reversible error in the record the judgment of the criminal court of Cook county will be affirmed.

*Judgment affirmed.*