Campbell v. State 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-91-111-CR





DONNIE ELBERT CAMPBELL,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 




FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT



NO. 39,582, HONORABLE C.W. DUNCAN, JUDGE



 




PER CURIAM



 A jury found appellant guilty of aggravated assault. Tex. Penal Code Ann. § 22.02
(1989 & Supp. 1990). After finding that appellant had been previously convicted of a felony
offense, the jury assessed punishment at imprisonment for 15 years. We will affirm the judgment
of conviction.

 In a single point of error, appellant argues that the trial court erred in charging the
jury on the lesser-included offense of aggravated assault when it was not supported by the
evidence. (1) The State alleged in its indictment that appellant committed the offense of attempted
murder by pointing a firearm in the face of Belinda Walker and pulling the trigger. (2) At the close
of the evidence, the trial court charged the jury on attempted murder and, over appellant's
objection, aggravated assault.

 Appellant contends that, if believed, the evidence at trial authorized his conviction
for attempted murder; if not believed, it required his acquittal because no evidence was presented
that he only committed aggravated assault. Appellant argues that to obtain a charge on a lesser-included offense, the State should be required to meet the same two-part test which a defendant
must meet. Before a defendant is entitled to a lesser-included-offense charge, he must show that
(1) proof of the lesser offense is included within the proof necessary to establish the charged
offense; and (2) some evidence exists that if guilty at all, the defendant is guilty only of the lesser
offense. Royster v. State, 622 S.W.2d 442 (Tex. Crim. App. 1981) (opinion on rehearing).

 Royster only states when a lesser-included-offense charge must be given. It does
not follow that giving such a charge is error if the Royster test is not met. Texas courts have long
held that submitting a lesser-included offense to the jury on the court's or State's motion benefits
the defendant; the defendant in such a case cannot complain of the beneficial charge. Ex parte
Green, 548 S.W.2d 914 (Tex. Crim. App. 1977); Carr v. State, 255 S.W.2d 870 (Tex. Crim.
App. 1953); Carter v. State, 51 S.W.2d 316 (Tex. Crim. App. 1932); Grimes v. State, 160 S.W.
689 (Tex. Crim. App. 1913). The legislature has also provided that in a prosecution for an
offense with lesser-included offenses the jury may find the defendant not guilty of the greater
offense, but guilty of any lesser-included offense. Tex. Code Crim. Proc. Ann. art. 37.08 (1981).

 Several courts of appeals have distinguished the State's request from the defendant's
request for a lesser-included-offense charge and have stated that the Royster test does not apply
when the State requests the charge. Angel v. State, 694 S.W.2d 164 (Tex. App. 1985), aff'd, 740
S.W.2d 727 (Tex. Crim. App. 1987); Doss v. State, 636 S.W.2d 564 (Tex. App. 1982, pet ref'd);
Pennington v. State, 644 S.W.2d 64 (Tex. App. 1982), aff'd, 697 S.W.2d 387 (Tex. Crim. App.
1985). The Doss court restricted the Royster test to the defendant based on the State's heavier
burden of proof, its authority to present all the evidence it possesses, the lack of any restriction
on the State to proceed to judgment on the lesser offense, and the State's obligation to seek a
conviction if the evidence so warrants. Doss, 636 S.W.2d at 566.

 In the present case, Belinda Walker testified on direct examination that on
September 24, 1990, appellant knocked on the door of her apartment and demanded that it be
opened. Belinda partially opened the door, while Calinda, Belinda's twin sister, hid behind it to
avoid seeing appellant. Appellant, looking angry, asked to see Calinda. When Belinda said she
was not there, appellant began shouting at Belinda and then pulled out a gun. Standing very close
to Belinda, he pointed the gun at her face and said, "I'm going to shoot you in the face." 
Appellant pulled the trigger and clicked the gun one time. After it failed to fire, appellant told
Belinda, "I missed this time, but I'll be back to kill you. I'm going to shoot both of you bitches
in the face." Then appellant got in his car and sped off.

 On cross-examination, Belinda testified that, although appellant appeared angry,
he never struck her or tried to push her out of the way to come in and see Calinda. Belinda was
not familiar with guns and did not know whether appellant's gun was empty or loaded; she did
not know the difference between the click an empty gun, as opposed to a loaded one, would make. 
Appellant only pulled the trigger of the gun one time.

 The evidence shows that Belinda was uncertain whether appellant's gun was loaded,
that appellant clicked the gun only once, that appellant did not try to force his way inside the
house to kill either Belinda or Calinda, and that he threatened to kill them later. The jury could
reasonably have doubted that appellant intended to cause the death of Belinda Walker on
September 24, 1990, and could instead have inferred that he intended to threaten her. Thus, the
evidence supports the trial court's submission of a charge on the lesser-included offense of
aggravated assault. We overrule the point of error.


 The judgment of conviction is affirmed.



[Before Chief Justice Carroll, Justices Aboussie and Kidd]

Affirmed

Filed:  October 23, 1991

[Do Not Publish]
1.   Texas Penal Code Ann. § 22.02(a)(4) (Supp. 1991) provides that a person commits the
offense of aggravated assault if he commits assault as defined in § 22.01 of the Code and he uses
a deadly weapon. Under § 22.01(a)(2) of the Code (1989), a person commits the offense of
assault if he intentionally or knowingly threatens another with imminent bodily injury. 
2.   Texas Penal Code Ann. § 19.02(a)(1) (1989) provides that a person commits the offense of
murder if he intentionally or knowingly causes the death of an individual. Under Tex. Penal Code
Ann. § 15.01(a) (Supp. 1991), a criminal attempt to commit murder occurs if a person, with
specific intent to commit murder, does an act amounting to more than mere preparation that tends,
but fails, to effect the commission of the intended murder.