## Charley McCandless v. The State.

### No. 2085. Decided April 24, 1901.

**1. Murder—Placing Eye-Witness Upon the Stand—Motion to Dismiss for Failure to Do So.**

On a trial for murder, after both sides had introduced their evidence, and during the argument to the jury defendant made a verbal motion to withdraw the evidence from the jury and dismiss the case because the prosecution had not produced the direct and positive testimony of eye-witnesses to the killing who were present in court, but was relying solely upon circumstantial evidence, Held, the motion was no more than a motion to dismiss the case for insufficiency of testimony, and was properly overruled.

**2. Same—Circumstantial Evidence—Charge of Court.**

On a trial for murder, where the evidence adduced was entirely circumstantial, and defendant requested the court to instruct the jury as follows: "The burden rests upon the State to establish to your satisfaction beyond a reasonable doubt, by legal and competent evidence, that the defendant and no other person killed deceased; and you are further charged that the State is required under the law to introduce the best evidence which it can obtain, and if it appears from the evidence that it is probable that there are eye-witnesses by whom the State can prove the act of killing, then it is the duty of the State to produce such evidence; and, if you so find, you can not convict the defendant upon circumstantial evidence and you will acquit." Held, the instruction was properly refused. If the State can establish a strong case of guilt beyond a reasonable doubt against defendant by circumstantial evidence, it is not compelled to place eye-witnesses upon the stand who are unfriendly to the prosecution and friendly to defendant.

**3. Same—New Trial.**

A new trial will not be granted because it appears that defendant was convicted upon circumstantial evidence, where the State had it in its power to produce the direct and positive testimony of eye-witnesses, where the circumstantial evidence adduced justified his conviction.

**4. Argument of Counsel—Allusion to Defendant's Failure to Testify.**

On a trial for murder, where the case was one purely of circumstantial character, and the crucial point in the case was as to the identity of defendant as the party who did the shooting, it was reversible error for prosecuting counsel to say, "The details of the homicide will never be known * * * and the defendant can not be compelled, under the law, to open up and give evidence against himself;" and, "The defendant knows where he was on that day, and if his counsel would ask him, he could *tell you* where he was on that day" (the day of the killing). This was clearly a violation of the statute prohibiting allusion to a

defendant's failure to testify; and the wrong was not relieved or cured by the court's admonishing and instructing the jury, in the charge, not to consider defendant's failure to testify.

Appeal from the District Court of Coryell.  Tried below before Hon. W. J. Oxford.

Appeal from a conviction of murder in the second degree; penalty, fifteen years imprisonment in the penitentiary.

Appellant was indicted for the murder of Hill Walton on the 5th day of March, 1899, by shooting him with a pistol.

This is the second appeal in this case.  See McCandless v. State, ante, p. 58.

On this trial the State relied wholly upon circumstantial evidence for a conviction, although it was shown that Monroe Latham, Allie Latham and Early McCandless, who had testified at the previous trial, were in positions to have been eye-witnesses, and who were known by the prosecution to have testified positively as to the fact that deceased was shot and killed by appellant.  These witnesses were present under the rule during the trial, and under process issued by the State.  After the evidence was all in and argument had commenced, defendant made a motion to withdraw all circumstantial evidence, which motion was refused by the court.  Defendant also requested instructions for acquittal, if the jury should believe that there was direct and positive evidence which the State could have availed of without resorting to and relying upon circumstantial evidence.  These instructions were refused by the court.

The matter as to the allusion by counsel for the prosecution as to defendant's failure to testify, is fully stated in the opinion of the court.

No further statement necessary.

*McDowell, Sadler & Arnold,* for appellant, filed an able and elaborate brief.

*Rob't A. John,* Assistant Attorney-General, for the State.

HENDERSON, Judge.—Appellant was convicted of murder in the second degree, and his punishment assessed at fifteen years confinement in the penitentiary, hence this appeal.

This is the second appeal in this case, same having been reversed at a former term of this court, principally on the ground that the court gave a charge on provoking the difficulty, when same was not authorized by the evidence.  See McCandless v. State, ante, p. 58.

After the testimony had been adduced, and during the argument of the case to the jury, appellant made a verbal motion to withdraw from the jury all the evidence offered by the State, the same consisting only of circumstantial evidence; and further alleging that it did not appear from the evidence that the State could not possibly obtain direct and positive evidence of eye-witnesses to the facts connected

with the killing of deceased, if he was killed; and that it does not appear from the evidence that it is impossible for the State to procure direct and positive evidence by eye-witnesses as to the act of killing; and furthermore, because it does affirmatively appear from the evidence that, if deceased was killed, there were eye-witnesses to the act of killing under the process of the court and now present and in attendance upon the court. In explanation to this bill it appears that the court inquired of appellant's counsel if they had just discovered the facts complained of in the motion, and if they did not know of the same when they rested their evidence. To which counsel replied that they wanted a ruling upon their motion. Appellant further shows in the bill that they excepted because the evidence in the case shows that if Hill Walton was killed, the witnesses Monroe Latham, Mrs. Allie Latham, and Early. McCandless were in a position to have seen said killing, and being eye-witnesses thereto, and being in attendance upon the court in obedience to its process and now under rule—Monroe Latham being sworn and placed under the rule at the instance of the State—that the State could produce direct and positive evidence of the homicide, if such existed; and that the State having resorted to circumstantial evidence when direct evidence was accessible, the case should be dismissed. It will be observed that this was not a motion then to require the State to put on the direct and positive evidence of the eye-witnesses, but it·was simply a motion to dismiss the case at that stage, because the prosecution had not adduced direct and positive evidence. As to this bill, it is not necessary for us to determine what should have been the action of the court in case a timely motion had been made, when the State rested its case, to require the State to put on the stand the testimony of some eye-witness to the homicide. As presented, it was no more than a motion to dismiss the case for the insufficiency of the testimony. On this same line, in charging the jury, appellant requested the court to give the following instructions: "That in this case the burden rests upon the State of Texas to establish to your (the jury's) satisfaction beyond a reasonable doubt, by legal and competent evidence, that the defendant, and no other person, killed the deceased, Hill Walton, if he was killed; and you are charged further that the State is required under the law to introduce the best evidence which it can obtain; and if it appears from the evidence in this case that it is probable that there are eye-witnesses by whom the State can prove the act of killing, if there was a killing, then it is the duty of the State to produce such evidence; and if you so find you can not convict the defendant upon circumstantial evidence, and you will acquit the defendant, and so say by your verdict." And also the following: "That if you believe from the facts and circumstances in evidence before you there were eye-witnesses or an eye-witness to the killing of Hill Walton, if he was killed, and that the State knew of said witness or witnesses, or by reasonable diligence could have discovered same, and has failed to introduce them, or

account satisfactorily for their absence, then you should acquit the defendant." The court refused to give these instructions, and appellant excepted. Furthermore, in the motion for new trial, as one of the grounds thereof, appellant alleged that the State had resorted solely to circumstantial evidence, when there were present in court eye-witnesses to the homicide, said eye-witnesses having testified thereto on a former trial of the case. In support of this motion affidavits are appended, and it was proven that Early McCandless was an eye-witness to the homicide, and that Monroe Latham and Mrs. Allie Latham were in the immediate vicinity thereof, and saw all that occurred immediately before and just immediately after the homicide; that they were present in court under process, and were placed under the rule; Monroe Latham being a State's witness, and Allie Latham and Early McCandless being witnesses for the defendant; that the State knew what the testimony of these witnesses would be, but placed neither of them on the stand. It was further shown in this connection that the witnesses were very unfriendly to the State. It occurs to us, under the circumstances of this case, that the court was not required to give the requested charges; nor could defendant demand a new trial on the ground that no eye-witnesses to the homicide had been introduced. We do not deem it necessary, in the shape this question is presented, to enter into a discussion of the question, or to decide what should be the action of the court where there are eye-witnesses to the transaction, and the State has adduced and relies solely on circumstantial evidence. This question has previously been before this court. In Honeycutt's case, 20 Texas Criminal Appeals, 632, the court seems to have been divided upon the proposition as to whether or not the trial court should be required to place all the eye-witnesses on the stand. But it has since been expressly decided that it could not be required to do so. See Mayes v. State, 33 Texas Crim. Rep., 33; Reyons v. State, 33 Texas Crim. Rep., 143; Kidwell v. State, 35 Texas Crim. Rep., 264; Darter v. State, 39 Texas Crim. Rep., 40. In Thompson's case, 30 Texas Criminal Appeals, 325, the State resorted to circumstantial evidence. After the testimony for the State and defendant was in, appellant made a motion to require the State to place four witnesses, who were present in court, and who had been summoned by the State, and who were eye-witnesses, on the stand, and examine them. This the court refused to do. In that case, after citing the authorities to the effect that the State should always be required to produce the best evidence attainable, the court said: "We are of opinion that the State, under the circumstances shown, should have been required to put the eye-witnesses, or some of them at least, upon the stand. The court predicates this holding upon the idea that to force defendant to place the eye-witnesses upon the stand would deprive him of the presumption of innocence, and throw upon him the burden of proving his innocence,"—citing Hurd v. People, 25 Mich., 405; Honeycutt v. State, 20 Texas Crim. App., 634. In

the view we take of this question, something can be said on both sides of the proposition. It is true, as a general rule, that the State should be required to produce the best evidence to prove any particular fact. This is elementary. And, generally, positive or direct evidence is regarded as primary or the best. Circumstantial evidence presupposes, from the very nature of the case, that there must exist direct or positive evidence. Now, if the State can establish a strong case of guilt against defendant by circumstantial evidence, but there are eye-witnesses who are unfriendly to it, shall it be compelled, in the first instance, to introduce appellant's witnesses, and thus handicap itself throughout the trial by adopting them as its own, thus giving appellant the opportunity to cross-examine his own witnesses, and treating them throughout as State's witnesses, and rendering it impossible afterwards for the State to impeach such witnesses? We think not. Nor do we believe that such a course deprives appellant of the presumption of innocence. Of course, the circumstantial evidence against him must be strong enough to break this down, and establish his guilt to a moral certainty, beyond a reasonable doubt. Unless the State does this, appellant is entitled to an acquittal, regardless of whether the State has adduced the testimony of eye-witnesses or not. Formerly, and in England, it may have been the rule, where a party accused of felony could not introduce witnesses at all, that the State was required to introduce the eye-witnesses, to give defendant the benefit of their testimony, if need be, as he could not introduce them in the first instance. But, the reasons for this rule not being in vogue here, there is no occasion to retain or uphold it; at least, in our opinion, appellant can not claim a new trial on the ground that there were eye-witnesses in attendance who were not examined by the State, and whom he declined to introduce and examine, where the testimony under which he was convicted, though of a circumstantial character, justified his conviction.

Appellant reserved two bills of exception to remarks of counsel during the argument, which he insists were allusions to the failure of defendant to testify, defendant not having testified in the case. The first bill shows that J. R. McClellan, one of counsel for State, while addressing the jury, used the following language, to wit: "The details of that homicide will never be known, for Hill Walton's lips are closed in death, and the defendant can not be compelled, under the law, to open up, and give evidence against himself." This bill of exceptions was signed by the judge, with the explanation that the court then and there admonished the jury not to consider defendant's failure to testify, and in his written charge also so instructed the jury. The second bill of exceptions shows that S. J. Mings, one of counsel for State, when he was addressing the jury, used the following language, to wit: "Counsel for defendant (Arnold) has said that probably no juror, and probably no man in this courthouse, can tell where he was on the 5th day of

March, 1899; but I say to you that the defendant knows where he was on that day, and, if Mr. Arnold will rise up and ask his client, he could and he can tell you where he was on that day." This was objected to on the same ground as above stated, and the court explains this bill as he did the former bill. Our statute on this subject (article 770, White's Ann. Code. Crim. Proc.), after providing that a defendant may testify on his own behalf, uses this language: "But the failure of any defendant to so testify shall not be taken as a circumstance against him; nor shall the same be alluded to or commented on by counsel in the cause." This language appears to be mandatory, and it has been so held by this court in a number of cases. See authorities cited to section 973, White's Ann. Code. Crim. Proc. The Assistant Attorney-General refers us to a number of cases, and insists that we have not always adhered to this rule; but it will be found, on examination of the cases cited, that none of them use the character of language here attributed to counsel. In some of the cases we have justified the allusion by the remarks made in the first instance by the attorney for defendant, as in Parker's case, 39 Texas Criminal Reports, 262. Here it will be observed that the case against defendant, as made by the State, was of a purely circumstantial character, and the weak point in the State's case was as to the identity of defendant as being the person who shot deceased. The effort on the part of the State seems to have been to aid its case by the silence of the defendant. The insistence was that the circumstances, environments, and his failure to exculpate himself must be taken as a circumstance against him; and so Mr. McClellan suggested that Walton was dead, but defendant knew how the homicide occurred, and, if he would open up, the circumstances would be known. And again, the State's evidence shows appellant was present where deceased was killed a short time before the homicide, but a short time after the homicide he was not there. It was important for the State to show that he was present at the time of the homicide. Accordingly, another one of State's counsel (Mr. Mings) suggests that appellant knew where he was on that fatal day, and, if his counsel would ask where he was, that he would tell him. If these statements are not an allusion to the failure of defendant to testify, and that, too, upon a crucial point in the case, it would be difficult to determine how the statute could be violated by the use of language. Evidently the court so understood the remarks, as he states he immediately verbally instructed the jury with reference thereto, and subsequently gave them written instructions on that subject. This, however, would not relieve the case of the error caused by the improper remarks of counsel.

Appellant also strenuously insists that the evidence is not sufficient to sustain the verdict, in that, although the testimony may show deceased was killed by some criminal agency, the evidence does not establish, in accordance with the rules governing circumstantial evidence,

that appellant, and no other person, was the criminal agent. In view of the fact that the case must be reversed upon another point already considered, it is not necessary to determine as to the sufficiency of the evidence, especially as it is not likely that the case will again come to this court on circumstantial evidence alone. The judgment is reversed and the cause remanded.

*Reversed and remanded.*