DAN WILLIAMS v. THE STATE.

No. 11976. Delivered November 14, 1928.
Rehearing denied May 1, 1929.

308

The opinion states the case.

*Kirby, King & Overshiner* of Abilene, for appellant.

*Clyde Grissom,* District Attorney of Stonewall County, and *A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is possession of intoxicating liquor for the purpose of sale; the punishment confinement in the penitentiary for one year and nine months.

Witnesses for the state testified that on February 1, 1928, appellant sold Will Nance two pints of whiskey. They further testified that a few days before the sale was made to Nance appellant brought the whiskey to his (appellant's) place of business in an automobile. About the time the sale was made to Nance officers searched appellant's place of business and found therein some fruit jars containing whiskey and six or seven empty beer bottles.

The indictment contained four counts. The first and third counts were submitted to the jury with an instruction that in the event appellant was convicted the count upon which the conviction was based must be designated. The first count charged a sale of intoxicating liquor and the third count possession of intoxicating liquor for the purpose of sale. The state's evidence showed a sale of whiskey by appellant to Will Nance on February 1st, 1928, and that two or three days before the sale was made appellant had brought the whiskey in an automobile to his (appellant's) place of business. Appellant timely requested the court to require the state to elect upon which count of the indictment a conviction would be sought. No request was made that the state be required to elect upon which transaction a conviction would be sought. The court advised counsel for appellant that the count in the indictment charging transportation would not be submitted to the jury, but that only the first and third counts would be submitted. The jury found appellant guilty under the third count of possession of intoxicating liquor for the purpose of sale. When the testimony develops more than one separate transaction, the state should upon timely request be required to elect as to which one it would rely upon for a conviction. Branch's Annotated Penal Code, Section 444, and authorities cited; Smith v. State, 234 S. W. 893; Banks v. State, 246 S. W. 377. While the evidence may have developed a transaction involving possession of intoxicating liquor for the purpose of sale separate and distinct from the transaction of February 1st, appellant did not seek to have the state elect between transactions, but contented himself with seeking an election betwen counts. Appellant's action in selling the whiskey was a transaction upon which he might have been convicted for possessing whiskey for the purpose of sale. The same evidence supported both counts. One transaction was charged in the counts submitted to the jury. Where only one transaction or act is charged in different counts in the indictment the state is not required to elect. Branch's Annotated Penal Code, supra; Smith v. State, supra; Meadows v. State, 275 S. W. 829. We are con-

strained to hold that the rule last announced is applicable here. The contention made in bill of exception Number 1 is therefore over-ruled.

Bill of exception Number 3 presents the following occurrence: While appellant was testifying in his own behalf the district attorney asked him why the state's witnesses would testify against him if he was not a bootlegger. Appellant objected to the question on the ground that the answer would be hearsay, an opinion of the witness and improper testimony. The court overruled the objection with the statement that the district attorney would be permitted to inquire as to the motive of the witnesses for testifying against appellant. Appellant further objected to the imputation in the question that the witnesses had testified that appellant was a bootlegger. The district attorney withdrew the question and in lieu thereof asked appellant why the witnesses testified against him if they did not state the truth. Appellant's attorney stated: "We object to that." The objection was overruled and appellant answered: "I guess Bill Nance had it in for me because I told him to stay away from my place." The question in effect required appellant to express the opinion that the state's witness had testified falsely. Appellant's opinion relative to the matter inquired about was irrelevant and immaterial. Temple v. Duran, (Tex. Civ. App.) 121 S. W. 253. It is improper to require a witness to express his opinion as to the truth or falsity of testimony contradicting him. However, the matter complained of does not warrant a reversal. Appellant's testimony was directly contradictory of that of the state's witness. If the jury had accepted appellant's version of the transaction as true they would necessarily have concluded that the state's witnesses had testified falsely. In short, appellant's denial, coming from his own lips, that he possessed and sold whiskey was equivalent to a statement that the state's witnesses had testified falsely. Hence it is not believed that the matter complained of could have been weighed by the jury in determining the credibility of the witnesses and the weight to be given to their testimony. We are unable to perceive how appellant could have been injured in any manner by the question complained of. The district attorney's employment of the term "bootlegger" in framing the question may have been improper, but, in view of the fact that the state's witnesses testified that appellant sold whiskey to Nance and of the further fact that one who illegally sells intoxicating liquor is commonly referred to as a bootlegger, the matter, if error, does not warrant a reversal.

The sheriff of the county testified as follows:

"A day or two after February 1st, I had occasion to go to Dan Williams' place of business in Swenson. When I got there and before I made my search I had a conversation with the defendant, Dan Williams. I told him I wanted to search his place for whiskey. He said 'All right go ahead,' I wouldn't find anything. After I had this conversation I searched his place. I did not tell him at the time I told him I wanted to search his place that I had a search warrant, but I had a search warrant. I made the search under the authority of his permission, because I asked him before I searched it. I told him I wanted to search his place for whiskey and he said 'go ahead' I wouldn't find anything."

Appellant timely objected to the testimony of the sheriff touching the result of the search on the ground that it was not shown that he had a lawful search warrant and that the facts testified to by said sheriff were not sufficient to show consent on the part of appellant. The objection was overruled and the officer permitted to testify as to what he found in appellant's place of business. One may consent to the search of his premises and thereby waive irregularities in the search warrant or dispense with a search warrant altogether. Hall v. State, 288 S. W. 202. In Hall, supra, officers went to Hall's premises and informed him that they had a search warrant. Hall said: "You don't need any search warrant. Just go ahead and search anywhere you want to." This court held the language used by Hall was sufficient to show a waiver and sustained the action of the trial court in admitting the testimony of the officers. The language used by appellant in the instant case is similar to that employed in Hall's Case. We think the language used by appellant here shows more than a mere acquiescence on his part, and that it is as specific in favor of a waiver as that used in Hall, supra. We must, therefore, overrule the contention made in bill of exception Number 4.

The sheriff testified, as shown in bill of exception Number 5, that he found Will Nance in his car drunk and that there was a pint of whiskey in a beer bottle and one empty beer bottle in his car. The officer further testified that the beer bottles were of the same kind that he had found near appellant's ice box. Appellant objected to the testimony of the officer on the ground that there was no testimony showing that the bottles found in the witness' car were the identical bottles obtained by the witness from the residence of appellant. Over the same objection the officer produced the bottle and

testified that the whiskey he found in Nance's car was corn whiskey. We find nothing in the bill of exception in support of the objection that there was no evidence in the record showing that the bottles found in Will Nance's car were the same bottles he had purchased from appellant. As we understand the record Nance was arrested a short time after he purchased two pint beer bottles from appellant. Nance testified that he purchased the liquor and became drunk on it and that he was arrested and placed in jail. The bill shows no error.

Appellant contends that the court should have submitted a charge on circumstantial evidence. Two state's witnesses testified that they saw appellant sell the whiskey in question. Hence the state relied upon direct evidence and a charge upon circumstantial evidence was not required.

We have discussed all questions presented in appellant's brief. Other questions raised, but not briefed by appellant, have been carefully examined.

Failing to find reversible error, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant renews his contention that his bill of exceptions No. 3 shows error. Three witnesses for the State swore to facts which, if true, made a clear case against appellant. He took the stand and denied in detail their testimony; in other words, he swore, in effect, that their evidence was wholly false. On cross-examination, after changing the form of question upon objection thereto, the State asked him in reference to these witnesses, "Can you tell why they testified against you, if it was not so?" Certainly any testimony tending to show ill-will, animus, hatred or prejudice on the part of a witness against appellant, would have been provable in appellant's behalf. While not commending such form of interrogation, we are unable to see how it but called upon appellant to give the jury any fact known to him from which an evil motive on the part of such witnesses, could be inferred. If he knew any such, his attorney could bring it out. If he knew none, we believe it not seriously wrong for the State to ask that fact. We find ourselves unable to make application of the authorities cited on this point.

Corine Jones swore that at the instance of appellant she delivered to Nance two pint bottles of whisky, Nance was evidently drinking and became drunk. He testified that he only drank one bottle of whisky. One Sampson also testified that Nance drank from only one bottle, a brown beer bottle. Under these facts it was plainly not erroneous to permit the sheriff to testify that later that day he arrested Nance who was drunk in his car, and that in the car was one brown beer bottle full of whisky and a similar bottle empty. From no angle could this be said to prove two separate offenses against this appellant, nor to prove an offense with which he had no connection.

The testimony of appellant's possession of the whisky in question was direct; as was that of the fact that he sold it. We are still of opinion that the facts did not call for a charge on circumstantial evidence.

Finding no error in the record, the motion for rehearing will be overruled.

*Overruled.*