GRADY HARLAN v. THE STATE.

No. 13496. Delivered June 4, 1930.
Reinstated June 26, 1930.
Affirmed October 8, 1930.
Rehearing denied November 12, 1930.
Reported in 32 S. W. (2d) 182.

The opinion states the case.

*G. O. Crisp* of Kaufman, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for possessing a still for manufacturing intoxicating liquor, punishment being three years in the penitentiary.

As it appears in the record the appeal bond is approved by the sheriff only. Art. 818, C. C. P. (1925) requires that it be approved by both the sheriff and the trial judge. For authorities see Note 1, under said article in Vernon's Ann. Tex. C. C. P., Vol. 3.

The bills of exception seem defective in not setting out the search warrant and affidavit therefor, but we do not discuss them as the case is not properly before us.

If appellant desires to do so he will have fifteen days from this date to file proper bond and present a record thereof to this court in connection with motion to reinstate the appeal.

The appeal is dismissed.

*Dismissed.*

ON MOTION TO REINSTATE.

CHRISTIAN, JUDGE.—The appeal was dismissed at a former day of the term because of an insufficient appeal bond. A sufficient bond, properly approved, having been timely filed, the appeal is reinstated and the case will stand for later consideration on its merits.

*Reinstated.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

CHRISTIAN, JUDGE.—The appeal was dismissed at a former term, but later reinstated. The case is now considered on its merits.

Operating under a search warrant, officers discovered a still and a quantity of whisky in a house occupied by appellant.

Appellant objected to the testimony of the officers touching the result of the search on the ground that the place searched was appellant's private residence and that the affidavit for the search warrant was made by only one person. The affidavit is not set out in the bill of exception in substance or in detail. It is merely stated, as a ground of objection, that the place searched was appellant's private residence and that only one person made the affidavit upon which the search warrant was based. A mere statement of a ground of objection in a bill of exception is not a certificate of the judge that the facts which form the basis of the objection are true; it merely shows that such an objection was made. Branch's Annotated Penal Code, Section 209; Fisher v. State, 1 S. W. (2d) 301; Buchanan v. State, 298 S. W. 569; Coleman v. State, 10 S. W. (2d) 559. It is the rule that this court must indulge the legal presumption that the ruling of the trial court was correct, unless the bill of exception shows otherwise. Branch's Annotated Penal Code, Section 207; Buchanan v. State, supra. Being unable to determine from the bill of exception whether the trial court committed error in admitting the testimony, we must presume that the ruling was correct.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—The conviction is for the unlawful possession of a still and equipment for the manufacture of intoxicating liquor. There are two companion cases: One for the possession of intoxicating liquor for the purpose of sale; the other for the manufacture of intoxicating liquor. There was a conviction in each of the cases. No point seems to have been made on

the trial relative to the identity of the transactions. The penalties assessed are made concurrent in the judgments.

In the house occupied by the appellant there was a large still of a capacity of 300 gallons. There were also tanks of equal capacity, a quantity of sugar, empty jars, and twelve gallons of whisky. The still was capable of use for the manufacture of whisky. On the premises but not in the house was a furnace. There was an attachment by which to pump water and mash into the house. There was also a quantity of whisky in two 10-gallon milk cans outside of the house.

The testimony of the officers as to the result of the search and the things they found upon the premises was made the subject of objection. The objections, as set forth in the bill, are quoted as follows:

"This testimony was objected to by the defendant at the time it was offered upon the following grounds, to-wit:

That the place searched was the private residence of the defendant, occupied by himself and his wife and children.

That said search was made by said officers by virtue of a search warrant which was invalid in the following particulars:

That said affidavit was made upon information and belief.

That said affidavit was only signed by one person.

That said affidavit and said search warrant described the place to be searched to be 300 yards from the private residence of the defendant.

The proof in this case all showing that the place actually searched was the private residence of this defendant and his said family, instead of being a place 300 yards from his private residence."

Further than the objections quoted, the bill is silent with reference to the contents of the application for the search warrant or the search warrant itself. What purports to be the affidavit and search warrant are copied into the statement of facts, but no reference to the statement of facts is made in the bill of exception. That it is not incumbent upon this court, under such circumstances, to look beyond the bill of exception to ascertain whether there was error committed is, and has been, the practice in this State for many years. The ruling of the trial court is presumed to be correct unless the contrary is shown by a bill of exception. Stating the ground of the exception is not enough. Sufficient of the evidence to verify the truth of the objection should be incorporated in the bill. These and other rules stated above are published in Branch's Ann. Tex. P. C., and verified by citation of numerous citations of this court

in Sections 207 to 213, inclusive. Others will be found in later reports. Among them is Fisher v. State, 1 S. W. (2d) 301, from which the following quotation is taken.

"It is the function of this court to determine whether, in receiving the evidence over the objection made, the trial court was in error, and unless the evidence is obviously inadmissible for any purpose, the bill complaining of its receipt must state the ground of objection. In all cases to invoke a review of the action of the trial court upon the receipt or rejection of evidence, a bill of exception is imperative. This is statutory. * * * The bill should show the ruling complained of, the objection made, and that error was committed. * * * When the error complained of is that the search was made without a valid warrant, the bill of exception is incomplete when it fails to set out the warrant in substance or in detail. * * * The objection to the evidence may be waived, and is waived, unless proper objection is made or timely motion to exclude is presented, and proper bill of exceptions preserved exhibiting the ruling and the complaint thereof."

The motion for rehearing is overruled.

*Overruled.*

HAWKINS, J., absent.