## BILL MANIES v. THE STATE.

No. 13541. Delivered October 8, 1930.
Reported in 32 S. W. (2d) 470.

*Johnson & Burns* of San Angelo, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is poisoning a dog; the punishment, a fine of one hundred dollars.

Dr. Ford's dog was poisoned at his home, near which appellant was arrested. Appellant had a bucket of poisoned liver in his car. Meat of the same character was found in Dr. Ford's yard. A few nights before the dog was poisoned appellant had been seen in his automobile near Dr. Ford's home, on which occasion meat was found scattered about the place. Appellant testified that he drove a service car, and that on the occasion he was arrested he had been hired by one Bullock to drive him around. He said that he had not seen Bullock place the bucket of liver in the automobile, and did not see him throw the liver into Dr. Ford's yard. He denied that he knew Bullock's purpose in going to the scene of the offense. Bullock denied that he had anything to do with the commission of the offense, and testified that he was in his own home at the time. His wife gave similar testimony. Several witnesses for appellant testified that they had seen Bullock employ appellant to drive him.

The complaint, as originally drawn, charged appellant with wilfully and maliciously poisoning a dog, the averment being that the dog was a domesticated animal. After taking and filing the complaint, the assistant county attorney ran a line through the words "domesticated animal." Appellant filed his motion to quash the complaint on the ground that it had been altered. The court overruled the motion and the county attorney read the complaint to the jury as if the words "domesticated animal" had not been eliminated. Art. 1373, P. C., provides:

"Whoever shall wilfully * * * poison * * * any dog, or other domesticated animal * * * of another, with intent to injure the owner thereof, shall be fined not less than ten nor more than two hundred dollars. * * *"

A dog is a domesticated animal. The averment that the dog was domesticated was immaterial. In Lamb v. State, 265 S. W. 1035, the appellant contended that the indictment had been altered. Touching the burden resting upon the accused in such matters, Judge Lattimore, speaking for the court, held that it was incumbent

upon the accused to show that the indictment had been changed in a material manner subsequent to its return by the grand jury. Giving effect to such rule, the opinion is expressed that the motion to quash was properly overruled.

Dr. Ford testified that he had a dog poisoned on July 6th. The bill refers to the incident as the "first poisoning case." Appellant objected to this testimony on the ground that it related to another transaction and that it was not shown that he was in any manner connected with it. The statement in the bill to the effect that appellant was not shown to be connected with the transaction is a ground of objection. A mere statement of a ground of objection in a bill of exception is not a certificate of the judge that the facts which form the basis of the objection are true; it merely shows that such an objection was made. Branch's Annotated Penal Code, Section 209, page 134; Buchanan v. State, 298 S. W. 569. There is nothing in the bill of exception to show that proof of the first poisoning did not tend to connect appellant with the offense for which he was on trial. The state relied upon circumstantial evidence. Proof that appellant poisoned another dog belonging to Dr. Ford may have afforded a potent circumstance tending to connect appellant with the commission of the last offense. The bill of exception failing to show otherwise, we must indulge the presumption that the evidence was properly admitted.

It is recited in bill of exception No. 8 that appellant asked the witness W. E. Ratliff on cross-examination a question as follows: "Don't you know as a matter of fact that Bill Manies sat there (in the car) and don't you know that Bill Bullock, one of your conspirators in this crime, got out of that car?" The state objected to the question on the ground that it was "ungentlemanly and unethical." The objection was sustained. It is recited in the bill of exception that the appellant expected the witness to either deny or admit that Bill Bullock got out of the car. The bill fails to disclose the relevancy and materiality of the proposed evidence. Branch's Annotated Penal Code, Section 212. It is not shown what the answer of the witness would have been. Branch's Annotated Penal Code, supra.

Failing to find reversible error, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.