JAMES FERGUSON v. THE STATE.

No. 13426. Delivered October 8, 1930.
Reported in 31 S. W. (2d) 646.

The opinion states the case.

*Baker & Baker* of Coleman, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is possession of mash for the purpose of manufacturing intoxicating liquor; the punishment, confinement in the penitentiary for one year.

Appellant is a negro. A negro woman telephoned officers to come to appellant's private residence. Responding to the call, they searched the premises and residence and found a still and some whisky mash. The negro woman pulled a still out of a hole in the ground. In the house the officers found a quantity of mash. Appellant was not present at any time during the search. A negro man was in the house. It was undisputed that the premises searched constituted appellant's private residence. The officers had no search warrant. In justification of the search, the state relied upon the act of the negro woman in inviting the officers to the house. The officers testified that appellant and the negro woman lived together, and that they were reputed to be husband and wife. They did not know what the consensus of opinion of the people in the community was as to the relations with each other of appellant and the negro woman.

Appellant timely and properly objected to the testimony of the officers touching the result of the search. The court overruled the objection and admitted the testimony upon the theory that appellant's wife consented to the search of the premises and thereby waived the necessity of a search warrant.

It is the rule that one may consent to the search of his premises and thereby waive irregularities in the search warrant or dispense with the search warrant altogether. Williams v. State, 112 Tex. Cr. R. 307. We need not consider whether it is possible for a wife, in the absence of her husband, to consent to the search of his private residence and thereby waive her husband's constitutional and statutory rights. The state failed to meet the burden of proving that the negro woman was appellant's wife. It was not shown

that she had a right to consent to the search. It is the rule that in order to establish marriage by reputation there must be a consensus of opinion that the man and woman living together are husband and wife. "Any person who knows that the parties were residing together, and who knows what the consensus of opinion was as to their relations with each other is competent to testify to the matter of reputation." Schwingle v. Keifer, et al., 135 S. W. 194. The searching officers knew that appellant and the negro woman lived in the same house. While they said that they were reputed to be husband and wife, they did not know what the consensus of opinion of the community was as to their relations with each other. The opinion is expressed that appellant's constitutional and statutory rights were not waived.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.