LEVI RAGLAND v. THE STATE.

No. 13688.   Delivered November 19, 1930.
Rehearing denied January 7, 1931.
Reported in 34 S. W. (2d) 274.

The opinion states the case.

*L. E. Keeney* and *N. L. Dalby,* both of Texarkana, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is murder; the punishment, confinement in the penitentiary for thirty years.

The undertaker who handled the body of Jack Chilcote, deceased, described several wounds and expressed the opinion that deceased

was shot in the back. It appeared from his testimony that one bullet entered under the right shoulder blade, another over the left kidney, and that two or three went through the legs, there being six bullet wounds in all. The physical facts testified to by the undertaker were destructive, if believed by the jury, of appellant's defense. According to the version of appellant and his witnesses, deceased had drawn a pistol on him. Believing that his life was in danger, he procured a pistol and shot deceased several times. Appellant testified that deceased was facing him when he fired the fatal shots. He further testified that deceased snapped the pistol one time. In rebuttal, the state introduced an officer who testified that he examined the pistol appellant claimed deceased had snapped, and that none of the cartridges showed any indication that an attempt had been made to fire the pistol.

Bill of exception No. 1 relates to the action of the court in permitting a witness for the state to testify that Mrs. Martin, one of appellant's witnesses, had gone to the house where the homicide occurred on the preceding night, and that she and appellant had both remained in the house during that night. Appellant objected to this testimony on the ground that it was immaterial and irrelevant, had the effect of discrediting appellant and his witness, Mrs. Martin, on an immaterial matter. We are unable to tell from the bill of exception whether the testimony was properly received. We find nothing in the bill negativing the materiality of said testimony. As far as the recitals of the bill are concerned, the fact that the witness spent the night in appellant's home may have had material bearing upon some issue in the case. The statement that the testimony was irrelevant and immaterial and tended to impeach appellant and his witness on an immaterial matter constitutes a mere statement of a ground of objection. The mere statement of a ground of objection is not a certificate on the part of the trial court that the facts which form the basis of the objection are true. It merely shows that such an objection was made. Buchanan v. State, 298 S. W. 569.

Immediately preceding the homicide deceased and Ruby Dell Allen were alone in the bedroom of appellant. According to her testimony, deceased left the room and entered a room occupied at the time by appellant and two or three of his witnesses. It was in this room that the homicide occurred. Ruby Dell Allen, testifying for the state, was unable to describe the movements of deceased and appellant after deceased left the room. She heard shots and later saw deceased, who stated to her that appellant had shot him. Also,

appellant admitted that he shot deceased. The state declined to use as witnesses those present in the room with appellant and deceased when the homicide occurred, on the theory that they were intimate friends of appellant, and were prepared to testify falsely in order that appellant might escape punishment. After the witness Ruby Dell Allen had testified appellant made a motion to the court that the state be required to place the eye-witnesses to the transaction on the witness stand. The motion was overruled. Appellant himself placed the witnesses on the stand, and they gave testimony supporting appellant's theory of self-defense.

In the case of Thompson v. State, 17 S. W. 448, it was held that where the state offered no eye-witnesses to the homicide, there being four, and circumstantial evidence was relied upon for a conviction, it was error to overrule a motion seeking to require the state to place the eye-witnesses to the transaction on the stand. In the case of Yancy v. State, 87 S. W. 693, the holding in Thompson's case was questioned. We quote from the opinion of the court as follows:

"Since the rendition of the opinion in that case (Thompson's case) the doctrine therein announced has been very much modified, if not overruled. Kidwell v. State, 35 Tex. Cr. R. 264, 33 S. W. 342; McCandless v. State, 42 Tex. Cr. R. 655, 62 S. W. 745; Holloway v. State, (Tex. Cr. App.) 77 S. W. 14, 8 Tex. Ct. Rep. 619; Freeman v. State, (Tex. Cr. App.) 81 S. W. 953, 10 Tex. Ct. Rep. 895. The rule referred to in Thompson's case grew up when the accused was not authorized to introduce witnesses, but all witnesses were introduced by the government. Mr. Bishop says: 'In general, a party, whether state or defendant, is permitted either to call or decline to call any competent witness. Some courts deem that the prosecuting officer ought, in murder or like crimes, to call as witnesses all who were present at the transaction, whatever be the nature of their testimony. Others regard it properly within his discretion to produce such witnesses, and such only, as he thinks best.' In Kidwell's Case, supra, motion was made to require the state to introduce all of the eyewitnesses, which was refused, and this was assigned as error. This court held that it was not. In Holloway's Case, supra, which in its facts is very much like the case at bar, it is said: 'After the state had rested its case on purely circumstantial evidence, appellant requested the court to·require the state to put Harty on the stand, who was an eyewitness to the transaction, insisting that, where there was an eyewitness, the state was required to place such eyewitness on the stand. In this connection

we are referred to Thompson v. State, 30 Tex. App. 325, 17 S. W. 448. The doctrine announced in that case was discussed in Mc-Candless v. State, 42 Tex. Cr. R. 655, 62 S. W. 745, and the views therein announced were seriously questioned.' It is further said in Holloway's Case 'that the eyewitness was a brother-in-law of appellant, and was unfriendly to the state, and, besides, had previously testified that he was so drunk that he knew nothing about the facts of the case.' It was held in that case, under those circumstances, that the court did not err in refusing to require the state to put the only eyewitness on the stand. In this case it appears that Wash Jenkins, the eyewitness, was implicated in the homicide, and had been previously indicted, and the indictment dismissed against him. He was introduced by appellant, and proved some very material facts on his behalf. We do not believe the court erred in refusing appellant's motion to put this witness on the stand in behalf of the state."

In the present case, as hereinbefore stated, the eyewitnesses were unfriendly to the state. They gave testimony material to appellant's defense, which, if the testimony of the state was to be believed, was contrary to the physical facts. Moreover, the state did not rely upon circumstantial evidence for a conviction. If the doctrine announced in Thompson's case, supra, is sound (and this is not conceded) the opinion is expressed that it has no application to the facts of the instant case.

It appears from bill of exception No. 3 that the county attorney stated, in argument to the jury, that appellant and his witness Fred Townsend had been driving around the city of Texarkana on the day of the homicide in a drunken condition. The bill fails to show that appellant objected to the remarks of the county attorney. The court qualifies the bill with the statement that appellant's attorney objected to the court's proposal to instruct the jury not to consider said argument. Manifestly the bill fails to reflect reversible error.

Bill of exception No. 4 recites that the district attorney, in his closing argument, stated to the jury that appellant ought to be given a long term in the penitentiary for the crime he had committed, and that a few years ought to be added because of the fact that he had framed his defense in the case. Without committing ourselves to the proposition that the argument was improper, it is observed that the bill of exception fails to show that appellant objected to the argument. It is qualified by the court with the statement that appellant's counsel objected to the proposal of the court to instruct

the jury to disregard the argument.   Reversible error is not manifested.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

HAWKINS, J., absent.

## ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant renews complaint of the refusal of his motion to compel the State to put on the stand the eyewitnesses to the killing, and insists that Thompson v. State, 30 Texas Crim. App. 325, sustains his contention.   We are not able to agree to this.   Speaking of the holding in the Thompson case, supra, Judge Davidson, in Reyons v. State, 33 Texas Crim. Rep. 144, says:

"That case is authority to the extent that it holds the State should prove the guilt of the accused by positive rather than by circumstantial evidence.   It in no sense sustains the position of appellant that all eye-witnesses to a homicide are required to be placed on the stand and examined by the State.   In fact, we do not understand that such a rule of practice has ever obtained in this State, nor that it would be a correct one under our procedure."

That it is not the law of Texas to require the State to place eyewitnesses to a given transaction on the stand to testify concerning same, is affirmed in Kidwell v. State, 35 Texas Crim. Rep. 265; Williford v. State, 36 Texas Crim. Rep. 424; Trotter v. State, 37 Texas Crim. Rep. 474; Darter v. State, 39 Texas Crim. Rep. 44; Freeman v. State, 46 Texas Crim. Rep. 320; Yancy v. State, 48 Texas Crim. Rep. 169; Goode v. State, 57 Texas Crim. Rep. 230. In Tidwell's case, supra, the matter is reasoned at length.

Bill of exception No. 3 is not only defective in the matter referred to in the original opinion, but also wholly fails to set out any facts which manifest error.   For aught shown in the bill, the facts stated in the argument complained of were in exact accord therewith.   The same observation holds good as to bill of exception No. 4 complaining of the argument of Mr. Waters.

The motion for rehearing will be overruled.

*Overruled.*