JOHN WILLIAMS AND CLIFF THOMAS V. THE STATE.

No. 14354.   Delivered June 17, 1931.
Rehearing Granted as to Cliff Thomas October 28, 1931.

The opinion states the case.

*Douglass & McConnell,* of Pampa, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CALHOUN, JUDGE.—Under a joint indictment charging appellants with possession of intoxicating liquor for the purpose of sale, possession of a still, possession of mash and the manufacture of intoxicating liquor, the appellants were jointly tried, convicted and punishment assessed at five years in the penitentiary against each.

Peace officers apprehended the appellants at a house situated about three and a half miles in the country.   When they drove up to the house, one of the officers communicated to the appellant Williams that he was there to look him over, to which Williams replied, "all right", and said, "it was in the house".   The appellant Thomas was found in the house.

A search of the house revealed about 100 gallons of whisky. A search of the barn revealed a complete still, together with mash, equipment and material for the manufacture of intoxicating liquor. The appellants did not testify.

Bill of exception No. 1 complains of the receipt of the evidence showing the result of the search of the premises because of certain reasons, among which was that the officers had no search warrant authorizing the search of the premises. Nowhere in the bill do we find such fact evidenced, other than by the objections which appellant made thereto. The objection to the admission of the evidence not being verified by the record renders the bill insufficient and the statement of the grounds of objection are not facts. The bill of exception must verify the facts on which the objection was made. Ragland v. State, 116 Texas Crim. Rep., 455, 34 S. W. (2d) 274; McKinley v. State, 117 Texas Crim. Rep., 243, 35 S. W. (2d) 148; Manies v. State, 116 Texas Crim. Rep., 542, 32 S. W. (2d) 470; Harlan v. State, 116 Texas Crim. Rep., 208, 32 S. W. (2d) 182.

The bill of exception is qualified by the trial court showing that the testimony was admitted because of the evidence showing consent on the part of Williams to the search. The consent to search waives the necessity of a search warrant. Ferguson v. State, 116 Texas Crim. Rep., 646, 31 S. W. (2d) 646; Williams v. State, 112 Texas Crim. Rep., 307, 17 S. W. (2d) 56.

The court submitted to the jury the first three counts of the bill of indictment charging possession for the purpose of sale, possession of a still, and possession of mash. The count charging manufacture of intoxicating liquor was not submitted to the jury. The verdict expressly found appellants guilty on the first count. Appellants complain of the refusal of the trial court to require the state to elect upon which count in the bill of indictment it sought a conviction. The evidence being sufficient to sustain a conviction upon either of the counts submitted to the jury and there being only one transaction shown, the state was not required to elect between the counts. Branch's P. C., sec. 444; Murray v. State, 116 Texas Crim. Rep., 178, 31 S. W. (2d) 1075; Williams v. State, 112 Texas Crim. Rep., 307, 17 S. W. (2d) 56. No error appears.

The verdict of the jury assesses the punishment of appellant Cliff Thomas at five years in the penitentiary, while the sentence assessed his punishment at an indeterminate term of not less than two years nor more than five years. The sentence will therefore be reformed to assess his punishment at an indeterminate term of not less than one year nor more than five years, and as so reformed the judgment will be affirmed as against both appellants.

*Judgment reformed as to Cliff Thomas.*
*Affirmed as to both defendants.*

The foregoing opinion of the Commission of Appeals has been exam-

ined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

CALHOUN, JUDGE.—In the original opinion, delivered June 17, 1931, the judgment of the trial court was affirmed, both as to the appellants John Williams and Cliff Thomas.

The appellant, Cliff Thomas, has alone filed a motion for rehearing and the sole question presented by him in his motion for rehearing is that the evidence is insufficient as a matter of law to support the verdict and judgment rendered against him in the trial court. This contention was not presented in the brief filed herein for both appellants, but the appellant Cliff Thomas insists in his motion for rehearing that while the evidence is sufficient to sustain the conviction of said John Williams, who was jointly indicted with him, it is not sufficient to support his conviction. Upon a careful consideration of the evidence adduced upon the trial, we think such contention is sound.

The state relied upon circumstantial evidence and an instruction covering this subject was embodied in the charge. The only witness who testified as to the search and finding of the whisky was A. C. Carroll, one of the arresting officers. The witness Carrol testified that he knew both the defendants when he saw them; that he and Mr. McCormick arrested appellants, John Williams and Cliff Thomas, at a ranch about three miles from Panhandle, Texas. That when he, Carroll, drove up to the premises where the arrest was made, he asked the appellant Williams what he was doing there and how long he had been there, and Williams replied that he had been there about a month feeding some cattle. The witness testified that he advised the said Williams of the purpose of his presence on the premises and told him that they (meaning himself and McCormick) were out there to look him over. That Williams replied, "All right, it is in the house". That he later went into the house where he found a barrel of whisky, some 6 or 7 kegs of 10 gallon capacity filled with whisky. That Williams went in the house with him.

He testified he did not see the defendant Cliff Thomas there in the house or about the premises when he first walked in the house. That he saw appellant Thomas walk into the house and saw him come out; that McCormick had him under arrest when he came out of the door and had him in charge when he first saw him. That he did not know whether or not the appellant Thomas made any remark that day about what he did there, or what they were doing there, because he did not talk to Thomas and didn't hear him say anything. He further testified that while he was in the house that Williams told him there was something in the barn; that in the barn he found a still and some mash therein. It was a large still. There was also some galvanized tanks in the barn

and these tanks were half full of mash. This was all the evidence that was offered to show appellant Thomas's connection with the liquor found in the house, but there was evidence offered to show that a bail bond of the defendant had been forfeited July 29, 1929.

The bail bond of the appellant testified to have been forfeited is not identified by number and there is nothing in the record by which it can be said that the bond forfeited occurred in this case. The mere fact of bond forfeiture was but a circumstance, even if it had been shown that the forfeiture was had in the instant case.

No witness testified to seeing the appellant, Cliff Thomas, in the room of the house where the whisky was found. There was no testimony that he had any interest in the premises or anything found on the premises. It was not shown what Mr. McCormick had appellant Thomas under arrest for, or where he was on the premises when he was arrested by said McCormick. It is not shown by any witness that Thomas knew there was any whisky in the barn or the house or that he had ever been on the premises prior to the date of his arrest.

Mere presence in the absence of proof of having agreed to committing the offense, will not constitute one a principal. Branch's Texas Penal Code, sec. 681, page 347; Jenkins v. State, 69 Texas Crim. Rep., 585, 155 S. W., 208; Johnson et al. v. State (Texas Crim. App.), 70 S. W., 83; Golden v. State, 18 Texas App., 637.

With the case being tried on the theory that the appellant Thomas was a principal with John Williams in committing the offense, the state failed to show more than that appellant Thomas was present at the house where the whisky was found therein.

The motion for rehearing as to the appellant Cliff Thomas is granted and the judgment of affirmance as to Cliff Thomas is set aside and the judgment of the trial court as to said Thomas is reversed and the cause remanded.

*Reversed and remanded as to Cliff Thomas.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.